FAXED

FILED
2012 AUG -8 P 2:01
RICHARD W. WIEKING
NO. U.S. DISTRICT COURT
N. DIST. CT. OF CALIFORNIA
NPP

1  BLANK ROME LLP
   Todd A. Boock (SBN 181933)
2  TBoock@BlankRome.com
   Robert P. Merten III (SBN 261446)
3  RMerten@BlankRome.com
   1925 Century Park East, 19th Floor
4  Los Angeles, CA 90067
   Telephone: 424.239.3400
5  Facsimile: 424.239.3434

6  Attorneys for Defendant
   BANK OF AMERICA, NATIONAL ASSOCIATION
7

8              UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA          JCS

10                    CV 12 4168

11  KAREN KING,                          Case No.

12                    Plaintiff,         **NOTICE OF REMOVAL OF**
                                         **CIVIL ACTION BY DEFENDANT**
13        vs.                            **BANK OF AMERICA, NATIONAL**
                                         **ASSOCIATION PURSUANT TO 28**
14  BANK OF AMERICA, NATIONAL            **U.S.C. SECTION 1441**
    ASSOCIATION an FDIC insured
15  corporation and DOES 1 through 100   [Federal Question]
    inclusive,
16                                       Complaint Filed: July 6, 2012
                      Defendants.
17                                       [Filed concurrently with Notice of
                                         Related Cases, Certification of
18                                       Interested Entities or Persons,
                                         Corporate Party Disclosure Statement
19                                       and Civil Cover Sheet]

20

21

22

23

24

25

26

27

28

136045.38200/95086318v.2

**NOTICE OF REMOVAL**

ORIGINAL

1    **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR**

2    **THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF, AND HER**

3    **COUNSEL:**

4    **PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1441 and 1446

5    Defendant BANK OF AMERICA, NATIONAL ASSOCIATION ("Defendant")

6    hereby removes the action entitled *King v. Bank of America, National Association, et*

7    *al.*, from the Superior Court of the State of California in and for the County of San

8    Francisco to the United States District Court for the Northern District of California on

9    the following grounds:

10    **FEDERAL QUESTION JURISDICTION**

11    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331,

12    1367, 1441 and 1446, for the following reasons:

13    **A.    This Notice of Removal is Timely Because it Has Been Filed Within**

14    **30 Days of Plaintiff's Receipt of the Complaint.**

15    1.    On or about July 6, 2012, Plaintiff KAREN KING ("Plaintiff")

16    commenced the action through her counsel by filing a complaint ("Complaint") in the

17    Superior Court of the State of California in and for the County of San Francisco

18    ("State Court"). This case is captioned *King v. Bank of America, National*

19    *Association, et al.*, Case No. CVC-12-522191.

20    2.    On or about July 9, 2012, Plaintiff served the Complaint on

21    Defendant, with corresponding Summons, Civil Case Cover Sheet and accompanying

22    alternative dispute resolution packet. True and correct copies of these documents are

23    attached as **Exhibit A**.

24    3.    On or about August 6, 2012, counsel for Defendant obtained a

25    copy of the proof of service filed by Plaintiff which states that Plaintiff served

26    Defendant personally with the Summons, Complaint, Civil Case Cover Sheet and

27    alternative dispute resolution packet on July 9, 2012. A true and correct copy of the

28    proof of service is attached hereto as **Exhibit B**.

136045.38200/95086318v.2                    1

1    4.    Pursuant to 28 U.S.C. § 1446(b), Defendant has thirty days from
2    receipt of a copy of the initial pleading to remove the case to federal court. 28 U.S.C.
3    § 1446(b).

4    5.    This Notice of Removal is timely filed.

5    **B.    Plaintiff's First Cause of Action for Violation of the Fair Credit**
6    **Reporting Act Serves as a Basis for Removal.**

7    6.    28 U.S.C. § 1441, which establishes when an action is removable,
8    sets forth in relevant part: "[A]ny civil action brought in a State court of which the
9    district courts of the United States have original jurisdiction, may be removed by the
10   defendant or defendants, to the district court of the United States for the district and
11   division embracing the place where such action is pending."

12   7.    The Court's subject matter jurisdiction, and Defendant's basis for
13   removal, is founded upon 28 U.S.C. § 1331 – Federal Question, and Plaintiff's First
14   Cause of Action, which alleges that Defendant violated the federal Fair Credit
15   Reporting Act (15 U.S.C. § 1681 *et seq*.). **Exhibit A** [Complaint], ¶¶ 1, 18, 21-29.

16   8.    Plaintiff's action is a civil action of which this Court has original
17   jurisdiction under 28 U.S.C. §1331, and is one which may be removed to this Court by
18   Defendant pursuant to the provisions of 28 U.S.C. §1441(b), in that Plaintiff's
19   allegations of a violation of the Fair Credit Reporting Act sets forth a claim arising
20   under Federal Law.

21   9.    Because Plaintiff's First Cause of Action is a federal question, the
22   prerequisites for removal under 28 U.S.C. § 1441 have been met and this Court is
23   vested with subject matter jurisdiction over this action.

24   **C.    Supplemental Jurisdiction**

25   10.    Pursuant to 28 U.S.C. § 1367, to the extent jurisdiction is not
26   otherwise provided in this Notice, Defendant respectfully requests that this Court
27   exercise supplemental jurisdiction over Plaintiff's state law claims: Violation of

28

136045.38200/95086318v.2                2

1 California Consumer Credit Reporting Agencies Act and Violation of California

2 Unfair Business Practices Act.

3 **D. ALL OTHER REMOVAL REQUIREMENTS HAVE BEEN MET**

4 11. Pursuant to 28 U.S.C. § 1441(a), copies of all pleadings, process,

5 and orders served on and by removing defendant in the state action must be attached

6 to the Notice of Removal. All documents served by Plaintiff are attached to this

7 Notice as **Exhibit A**.

8 12. In compliance with 28 U.S.C. § 1446(a), a copy of the Notice of

9 Removal of Action to the United States District Court for the Northern District that

10 will be filed with the Superior Court of California in and for the County of San

11 Francisco is attached hereto as **Exhibit C**.

12 13. This Notice of Removal is properly filed in the Northern District of

13 California pursuant to 28 U.S.C. § 1446(a) and Local Rule 3-2.

14 14. Bank of America, National Association is the only named

15 defendant in this case. Further, no consent is necessary as to DOES 1 through 100

16 because, based upon information and belief, those defendants were not served with the

17 Summons and Complaint. Therefore, all defendants in this case have been served

18 with the Summons and Complaint as of the date of the filing of this Notice and join in

19 this Notice.

20 15. Because Plaintiff's First Cause of Action presents a federal

21 question, the prerequisites for removal under 28 U.S.C. § 1441 have been met and this

22 Court is vested with subject matter jurisdiction over this action.

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

1        WHEREFORE,  Defendant respectfully removes this action from the Superior

2   Court of the State of California in and for the County of San Francisco to this

3   Honorable Court pursuant to 28 U.S.C. § 1441.

4

5   DATED:  August 8, 2012              BLANK ROME LLP

6

7

8                                      By: _Robert P Merten, III_____
                                           Robert P. Merten III
9                                      Attorneys for Defendant
                                       BANK OF AMERICA, NATIONAL
10                                     ASSOCIATION

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

 CT Corporation

**Service of Process Transmittal**
07/09/2012
CT Log Number 520828444

**TO:** CA LegaLit
Bank of America
Litigation Intake, CA6-915-01-17
30870 RUSSELL RANCH RD
Westlake Village, CA 91362

**RE:** Process Served In California

**FOR:** Bank of America, National Association (Domestic State: N/A)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Karen King, Pltf. vs. Bank of America, National Association, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Cover Sheet, Complaint, Notice(s), ADR Packet(s), Attachment(s) |
| **COURT/AGENCY:** | San Francisco County - Superior Court - San Francisco, CA<br>Case # CGC12522191 |
| **NATURE OF ACTION:** | Violation of Fair Credit Reporting Act - Violation of California Consumer Credit Reporting Act - Seeking injunctive relief |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/09/2012 at 16:12 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service - File written response // 12/05/2012 at 2:00 p.m. - Case Management Conference |
| **ATTORNEY(S) / SENDER(S):** | Elliot W. Gale<br>Sagaria Law P.C.<br>333 West San Carlos Street<br>Suite 1750<br>San Jose, CA 95110<br>408-279-2288 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/09/2012, Expected Purge Date: 07/14/2012<br>Image SOP<br>Email Notification, CA LegaLit calegalit@bankofamerica.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of 1 / DA

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**Exhibit A - 5**

7/9/12 (P) 4A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Bank of America, National Association an FDIC insured corporation and
DOES 1 through 100 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Karen King

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Francisco | CASE NUMBER<br>*(Número del Caso):* 12 -522191 |
|---|---|

400 McAllister St.
San Francisco, CA 94063

**BY FAX**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Elliot Gale, 333 West San Carlos Street, Suite 1750 San Jose, CA 95110, 1-408-279-2288

| DATE: July 6, 2012<br>*(Fecha)* JUL 0 6 2012 | Clerk, by CLERK OF THE COURT *(Secretario)* MEREDITH GRIER | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Bank of America, National Asssociation an FDIC insured corporation

   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**Exhibit A - 6**

1  SCOTT J. SAGARIA (BAR # 217981)
   SJsagaria@sagarialaw.com
2  ELLIOT W. GALE (BAR #263326)
   Egale@sagarialaw.com
3  SAGARIA LAW, P.C.
   333 West San Carlos Street, Suite 1750
4  San Jose, CA 95110
   408-279-2288 ph
5  408-279-2299 fax

6  Attorneys for Plaintiff

7

ENDORSED
F I L E D
San Francisco County Superior Court

JUL 06 2012

CLERK OF THE COURT
MEREDITH CHIER
BY: _____
              Deputy Clerk

8                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      FOR THE COUNTY OF SAN FRANCISCO

10                          UNLIMITED JURISDICTION

11

12   CASE NO.:  CGC- 12 -522191

13

14                                  COMPLAINT FOR DAMAGES:

15  KAREN KING,                     1.  Violation of Fair Credit Reporting Act;
                                    2.  Violation of California Consumer Credit
16              Plaintiff,              Reporting Agencies Act;
                                    3.  Violation of California Unfair Business
17                                     Practices Act;

18        v.

19  BANK OF AMERICA, NATIONAL              BY FAX
    ASSOCIATION an FDIC insured
20  corporation and DOES 1 through 100
    inclusive,
21
22              Defendants.
23

24  COMES NOW Plaintiff KAREN KING, an individual, based on information and belief, to allege
25  as follows:
26
27
28

                              COMPLAINT - 1

                              Exhibit A - 7

## INTRODUCTION

1. This action seeks redress for the unlawful and deceptive practices committed by the Defendants in connection with their inaccurate reporting of Plaintiff's discharged debt. In particular, Defendants' conduct involves improperly continuing to report delinquencies in payment Plaintiff was not personally obligated to make, after receiving notice of Plaintiff's dispute from Experian. Defendant also failed to report the account as in dispute with Experian. Plaintiff seeks monetary and declaratory relief based on violations of Fair Credit Reporting Act, 15 U.S.C. 1681 et. seq., and California Consumer Credit Reporting Act, California Civil Code §1785.1 et seq. Additional causes of actions are stated for violations of the California Business and Professions Code 17200.

## JURISDICTION AND VENUE

2. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, fully set forth herein.

3. Plaintiff, Karen King (hereinafter "Plaintiff"), is an individual and currently resides in the county of San Francisco, California.

4. This venue is proper pursuant to California Code of Civil Procedure § 395.5.

5. This Court has jurisdiction over Plaintiff's allegations pursuant to California Code of Civil Procedure § 410.10 et seq.

6. Plaintiff is a natural person and competent adult who at all relevant times in this Complaint resided in the State of California.

7. Defendant, Bank of America, National Association (hereinafter "Creditor") is located at 101 N. Tyron St., Charlotte NC 28201. Creditor collects debts on its own behalf throughout the county of San Francisco.

8. Plaintiff is unaware of the true names and capacities of Defendants DOES 1 through 100, inclusive. Plaintiff is informed and believes and thereon alleges that each fictitious Defendant was in some way responsible for the matters and things complained of herein, and in some fashion, has legal responsibility therefore. When the exact nature

COMPLAINT - 2

**Exhibit A - 8**

1   and identity of each fictitious Defendant's responsibility for the matters and things

2   herein alleged are ascertained by Plaintiff, Plaintiff will seek to amend this Complaint

3   and all proceedings to set forth the same, pursuant to California Code of Civil

4   Procedure 474.

5   9. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned

6   herein, each of Defendant is, and at all relevant times herein was, the agent, employee,

7   and alter ego of each of the remaining Co-Defendants, and in committing the acts

8   herein alleged, was acting in the scope of their authority as such agents, employees, or

9   alter egos and with the permission and consent of the remaining Co-Defendants.

## PRE-LITIGATION CLAIM FILINGS

10. On or about May 5, 2011 Plaintiff sent Experian written notice disputing Creditor's improper reporting of delinquencies in payment after Plaintiff was discharged in bankruptcy. Pursuant to Section 1681i(a)(2) of the Fair Credit Reporting Act, Experian provided notice to Creditor of Plaintiff's dispute. After receiving notice of Plaintiff's allegations, Creditor verified that it received notice of Plaintiff's from Experian while also continuing to inaccurately report the delinquencies in payment.

## GENERAL ALLEGATIONS

11. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

12. On April 18, 2010 Plaintiff filed a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Northern District of California.

13. In the Schedules filed with the petition in this case and on the master mailing matrix filed with the Clerk of this Court, an unsecured debt was listed on Schedule F in favor of Creditor in the amounts of $50,877.00 (hereinafter "Debt").

14. On July 21, 2010 Plaintiff was granted a discharge of all dischargeable debts pursuant to 11 U.S.C. § 727. Creditor was noticed by electronic transmission of Plaintiff's

COMPLAINT - 3

## Exhibit A - 9

1    discharge on July 23, 2010. Since Plaintiff never re-affirmed Creditor's debt during

2    bankruptcy, Plaintiff alleges that this Discharge included the debt to Creditor.

3    15. On May 5, 2011 Plaintiff sent written notice to Experian specifically disputing

4    Creditor's inaccurate reporting delinquencies in payment after Plaintiff received a

5    discharge in bankruptcy.

6    16. On June 6, 2011 Plaintiff received a copy of her Experian credit report in order to

7    verify that the inaccuracies on Plaintiff's credit report were corrected. Creditor

8    continued reporting to Experian inaccurate delinquencies in payment although Plaintiff

9    was no longer personally obligated to pay the debt as a result of Plaintiff's bankruptcy

10   discharge. In addition, Creditor failed to report Plaintiff's account as disputed.

11   17. To date, Creditor refuses to correct Plaintiff's credit report despite being noticed of the

12   original bankruptcy and re-noticed of its inaccurate reporting from Experian.

13   18. The actions of Creditor as alleged herein are acts in violation of the Fair Credit

14   Reporting Act, 15 U.S.C. § 1681s-2(b).

15   19. The actions of Creditors as alleged herein are acts in violation of the consumer credit

16   reporting agencies act California Civil Code § 1785.25(a).

17   20. The actions of Creditors as alleged herein are acts in violation of the California

18   Business and Professions Code § 17200.

19                          **FIRST CAUSE OF ACTION**
                         (Violation Of Fair Credit Reporting Act
20                              15 U.S.C. § 1681s-2(b))
21                       (Against Defendant Creditor and Does 1-100)

22   21. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and

23   every paragraph above, as though fully set forth herein.

24   22. Creditor, in the course of regular business, reports information to credit reporting

25   agencies.

26   23. Plaintiff promptly disputed Creditor's inaccurate reporting with Experian. Experian

27   sent notice of Plaintiff's dispute to Creditor pursuant to Section 1681i(a)(2) of the Fair

28   Credit Reporting Act. Creditor was thereafter under a duty to reasonably investigate

COMPLAINT - 4

Exhibit A – 10

1   Plaintiffs dispute and to modify, delete, or block the information if the investigation
2   finds the information is incomplete or inaccurate pursuant to section 15 U.S.C. 1681s-
3   2(b)(1)(A) & (E).

4   24. Plaintiff is informed that Creditor violated 15 U.S.C. 1681s-2(b)(1)(A) by failing to
5   reasonably investigate Plaintiff's dispute after receiving notice from Experian.
6   Specifically, Plaintiff is informed that Creditor, after receiving notice of Plaintiff's
7   dispute from Experian, should have discovered from its records, including two notices
8   sent from the bankruptcy noticing center, that Plaintiff's account was discharged in
9   bankruptcy. Because Plaintiff was no longer personally obligated to pay the preexisting
10  debt with Creditor, Creditor should not have reported the account as delinquent after
11  Plaintiff received a discharge in bankruptcy.

12  25. Plaintiff is informed that Creditor violated 15 U.S.C. 1681s-2(b)(1)(E) by failing to
13  discover and remove the derogatory delinquent notation on Plaintiff's credit report.
14  Specifically, Creditor should have reported to Experian that Plaintiff's credit report
15  should indicate that Plaintiff was not delinquent after was discharged in bankruptcy. In
16  addition, Creditor should have reported to Experian that Plaintiff disputed the account
17  information.

18  26. Creditor's failure to correct the previously disclosed inaccuracies on Plaintiff's credit
19  report was intentional and in reckless disregard of its duty to refrain from reporting
20  inaccurate information. Consequently, creditor willfully and negligently failed to
21  comply with its duty to investigate Plaintiff's dispute under 15 U.S.C. 1681(n) & (o).

22  27. As a direct and proximate result of Creditor's willful and untrue communications,
23  Plaintiff has suffered actual damages including but not limited to reviewing credit
24  reports from all three consumer reporting agencies, traveling to and from Plaintiff's
25  counsel's office, sending demand letters, continued impairment to her credit score, and
26  such further expenses in an amount to be determined at trial.

27  28. As a further direct and proximate result of Creditor acts state herein, Plaintiff incurred
28  pain and suffering, was impeded in seeking necessary products and services from
    vendors and additional credit from other credit agencies.

COMPLAINT - 5

Exhibit A - 11

29. Wherefore, Plaintiff prays for judgment as hereinafter set forth.

## SECOND CAUSE OF ACTION
(Violation Of Consumer Credit Reporting Agencies Act
California Civil Code § 1785.25(a))
(Against Defendants Creditor and Does 1-100)

30. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

31. Creditor, in the ordinary course of business, regularly and on a routine basis furnishes information to one or more consumer credit reporting agencies.

32. Creditor intentionally and knowingly reported inaccurate and false information regarding delinquency in payment after Plaintiff received a discharge in bankruptcy to credit reporting agencies in violation of California Civil Code § 1785.25(a).

33. Creditor should have discovered through investigation that the reported information of Plaintiff's account was inaccurate.

34. Creditor failed to correct inaccurate information provided to the agencies as described hereinabove in violation of California Civil Code § 1785.25(a).

35. Creditor's communications of false information, and repeated failures to investigate, and correct their inaccurate information and erroneous reporting were done knowingly, intentionally, and in reckless disregard for their duties and Plaintiff's rights.

36. As a direct and proximate result of Creditors willful and untrue communications, Plaintiff has suffered actual damages including but not limited to reviewing credit reports from all three consumer reporting agencies, traveling to and from Plaintiff's counsel's office, sending demand letters, continued impairment to her credit score, and such further expenses in an amount to be determined at trial.

37. As a further direct and proximate result of Creditor acts state herein, Plaintiff incurred pain and suffering, was impeded in seeking necessary products and services from vendors and additional credit from other credit agencies.

38. Wherefore, Plaintiff prays for judgment as hereinafter set forth.

### THIRD CAUSE OF ACTION
(Unfair Business Practices Act
California Business and Professions Code § 17200)
(Against Defendant Creditor and Does 1-100)

58. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, as though fully set forth herein.

59. Plaintiff brings this action in individual capacity and on behalf of the general public.

60. Creditor at all times relevant to this Complaint, was engaged in the business of collections and providing services on credit to qualified applicants.

61. Commencing on or about January 18, 2011 and continuing to the present, Creditor committed the acts of unfair practices as defined by Business and Professions Code § 17200 and described in the above stated Causes of Action.

62. Creditor's misleading and unfair practice within the meaning of Business and Professions Code § 17200 specifically includes Creditor's continued inaccurate reporting after receiving notice of Plaintiff's dispute in violation of California Civil Code § 1785.25(a).

63. These unfair and unlawful business practices of Creditor are likely to continue and therefore will continue to injure Plaintiff and mislead the public by inaccurate record keeping, failure to correct inaccuracies and erroneous dissemination of inaccurate information, and present a continuing threat to the public.

65. Wherefore, Plaintiff prays for judgment as hereinafter set forth.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

    a. For preliminary and permanent injunctive relief to stop Defendants from engaging in the conduct described above;

    b. Award $10,000 in statutory and actual damages pursuant to 15 U.S.C. § 1681n and California Civil Code § 1785.31;

    c. Award punitive damages in an amount to deter further unlawful conduct pursuant to 15 U.S.C. § 1681n; and California Civil Code § 1785.31

COMPLAINT - 7

**Exhibit A - 13**

d. Award attorney's fees and costs of suit incurred herein pursuant to 15 U.S.C. § 1681n & o; and California Civil Code § 1785.31;

e. For determination by the Court that Creditor's policies and practices are unlawful and in willful violation of 15 U.S.C. § 1681n, et seq.; California Business and Professions Code § 17200, et seq.; and California Civil Code §§ 45, 1785.25(g), et seq.;

f. For determination by the Court that Creditor's policies and practices are unlawful and in negligent violation of 15 U.S.C. § 1681o;

g. For such other and further relief as the court deems appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of this matter by jury.

SAGARIA LAW, P.C.

Dated: July 6, 2012          By:

Elliot Gale, Esq.
Attorneys for Plaintiff

COMPLAINT - 8

Exhibit A - 14

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

SCOTT J. SAGARIA (BAR # 217981)
ELLIOT W. GALE (#263326)
SAGARIA LAW, P.C.
333 West San Carlos Street, Suite 1750 San Jose, CA 95110
TELEPHONE NO: 408-279-2288    FAX NO: 408-279-2299
ATTORNEY FOR (Name): Karen King

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco
STREET ADDRESS: 400 McAllister St.
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco CA, 94102
BRANCH NAME: Civil

CASE NAME:
King v. Bank of America, National Association

**FOR COURT USE ONLY**

ENDORSED
F I L E D
San Francisco County Superior Court

JUL 06 2012

CLERK OF THE COURT
BY: **MEREDITH GRIER**
Deputy Clerk

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder. Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: | CGC-12-522191 |
| | | | DEPT: | |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[✓] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary; b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive.
4. Number of causes of action (specify): Three
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: July 6, 2012
Elliot Gale
(TYPE OR PRINT NAME)          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

Exhibit A - 15

CASE NUMBER: CGC-12-522191 KAREN KING VS. BANK OF AMERICA, NATIONAL ASSOCI

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:** DEC-05-2012

**TIME:** 2:00PM

**PLACE:** Department 610
400 McAllister Street
San Francisco, CA 94102-3680

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order without an appearance at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

## ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL. (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

**Exhibit A - 16**

# Alternative Dispute Resolution (ADR) Program Information Package

# Alternatives to Trial

## There are other ways to resolve a civil dispute.

The plaintiff must serve a copy of the ADR information package on each defendant along with the complaint. (CRC 3.221(c))



**Superior Court of California
County of San Francisco**

Exhibit A - 17

# Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolutions (ADR). The most common forms of ADR are mediation, arbitration and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through dispute resolution programs and private neutrals.

# Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- *ADR can save time.* A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- *ADR can save money.* Court costs, attorneys fees, and expert fees can be saved.

- *ADR can be cooperative.* This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- *ADR can reduce stress.* There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- *ADR encourages participation.* The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- *ADR is flexible.* The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- *ADR can be more satisfying.* For all the above reasons, many people have reported a high degree of satisfaction with ADR.

**Exhibit A - 18**

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' position harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

# Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

Exhibit A - 19

## ALTERNATIVE DISPUTE RESOLUTION PROGRAMS
### Of the San Francisco Superior Court

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to a mandatory settlement conference or trial." (Superior Court Local Rule 4)

This guide is designed to assist attorneys, their clients and self-represented litigants in complying with San Francisco Superior Court's alternative dispute resolution ("ADR") policy. Attorneys are encouraged to share this guide with clients. By making informed choices about dispute resolution alternatives, attorneys, their clients and self-represented litigants may achieve a more satisfying resolution of civil disputes.

The San Francisco Superior Court currently offers three ADR programs for general civil matters; each program is described below:

   1)   Judicial Arbitration
   2)   Mediation
   3)   The Early Settlement Program (ESP) in conjunction with the San Francisco Bar Association.

### JUDICIAL ARBITRATION

#### Description

In arbitration, a neutral "arbitrator" presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case. When the Court orders a case to arbitration it is called judicial arbitration. The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.

Although not currently a part of the Court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties

voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

### Operation

Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the Court's Arbitration Panel. Most cases ordered to arbitration are also ordered to a pre-arbitration settlement conference. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a court trial within 30 days after the arbitrator's award has been filed.

### Cost

There is no cost to the parties for judicial arbitration or for the pre-arbitration settlement conference.

## MEDIATION

### Description

Mediation is a voluntary, flexible, and confidential process in which a neutral third party "mediator" facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of the dispute after exploring the significant interests, needs, and priorities of the parties in light of relevant evidence and the law.

Although there are different styles and approaches to mediation, most mediations begin with presentations of each side's view of the case. The mediator's role is to assist the parties in communicating with each other, expressing their interests, understanding the interests of opposing parties, recognizing areas of agreement and generating options for resolution. Through questions, the mediator aids each party in assessing the strengths and weaknesses of their position.

ADR-1  12/10 (rw)                    Page 5

**Exhibit A - 21**

A mediator does not propose a judgment or provide an evaluation of the merits and value of the case. Many attorneys and litigants find that mediation's emphasis on cooperative dispute resolution produces more satisfactory and enduring resolutions. Mediation's non-adversarial approach is particularly effective in disputes in which the parties have a continuing relationship, where there are multiple parties, where equitable relief is sought, or where strong personal feelings exist.

### Operation

San Francisco Superior Court Local Court Rule 4 **provides three different voluntary mediation programs** for civil disputes. An appropriate program is available for all civil cases, regardless of the type of action or type of relief sought.

To help litigants and attorneys identify qualified mediators, the Superior Court maintains a list of mediation providers whose training and experience have been reviewed and approved by the Court. The list of court approved mediation providers can be found at **www.sfsuperiorcourt.org**. Litigants are not limited to mediators on the court list and may select any mediator agreed upon by all parties. A mediation provider need not be an attorney.

Local Rule 4.2 D allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate within 240 days from the date the complaint is filed. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

### Private Mediation

The Private Mediation program accommodates cases that wish to participate in private mediation to fulfill the court's alternative dispute resolution requirement. The parties select a mediator, panel of mediators or mediation program of their choice to conduct the mediation. The cost of mediation is borne by the parties equally unless the parties agree otherwise.

Parties in civil cases that have not been ordered to arbitration may consent to private mediation at any point before trial. Parties willing to submit a matter to private mediation should indicate this preference on the Stipulation to Alternative Dispute Resolution form or the Case Management Statement (CM-110). Both forms are attached to this packet.

Exhibit A - 22

## Mediation Services of the Bar Association of San Francisco

The Mediation Services is a coordinated effort of the San Francisco Superior Court and The Bar Association of San Francisco (BASF) in which a court approved mediator provides three hours of mediation at no charge to the parties. It is designed to afford civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint, in an effort to resolve the matter before substantial funds are expended on the litigation process. Although the goal of the program is to provide the service at the outset of the litigation, the program may be utilized at anytime throughout the litigation process.

The mediators participating in the program have been pre-approved by BASF pursuant to strict educational and experience requirements.

After the filing of the signed Stipulation to Alternative Dispute Resolution form included in this ADR package the parties will be contacted by BASF. Upon payment of the $250 per party administration fee, parties select a specific mediator from the list of approved mediation providers or BASF will help them select an appropriate mediator for the matter. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waiver of the administrative fee based on financial hardship is available.

A copy of the Mediation Services rules can be found on the BASF website at **www.sfbar.org/mediation** or you may call the BASF at 415-982-1600.

## Judicial Mediation

The Judicial Mediation program is designed to provide early mediation of complex cases by volunteer judges of the San Francisco Superior Court. Cases considered for the program include construction defect, employment discrimination, professional malpractice, insurance coverage, toxic torts and industrial accidents.

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court's Alternative Dispute Resolution Coordinator will coordinate assignment of cases that qualify for the program.

### Cost

Generally, the cost of Private Mediation ranges from $100 per hour to $800 per hour and is shared equally by the parties. Many mediators are willing to adjust their fees depending upon the income and resources of the parties. Any party who meets certain eligibility requirements may ask the court to appoint a mediator to serve at no cost to the parties.

The Mediation Services of the Bar Association of San Francisco provides three hours of mediation time at no cost with a $250 per party administrative fee.

There is no charge for participation in the Judicial Mediation program.

## EARLY SETTLEMENT PROGRAM

### Description

The Bar Association of San Francisco, in cooperation with the Court, offers an Early Settlement Program ("ESP") as part of the Court's settlement conference calendar. The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of the dispute. The two-member volunteer attorney panel reflects a balance between plaintiff and defense attorneys with at least 10 years of trial experience.

As in mediation, there is no set format for the settlement conference. A conference typically begins with a brief meeting with all parties and counsel, in which each is given an opportunity to make an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of the case. The Early Settlement Conference is considered a "quasi-judicial" proceeding and, therefore, is not entitled to the statutory confidentiality protections afforded to mediation.

### Operation

Civil cases enter the ESP either voluntarily or through assignment by the Court. Parties who wish to choose the early settlement process should indicate this preference on the Case Management Statement (CM-110).

Exhibit A - 24

If the Court assigns a matter to the ESP, parties may consult the ESP program materials accompanying the "Notice of the Early Settlement Conference" for information regarding removal from the program.

Participants are notified of their ESP conference date approximately 4 months prior to trial. The settlement conference is typically held 2 to 3 months prior to the trial date. The Bar Association's ESP Coordinator informs the participants of names of the panel members and location of the settlement conference approximately 2 weeks prior to the conference date.

Local Rule 4.3 sets out the requirements of the ESP. All parties to a case assigned to the ESP are required to submit a settlement conference statement prior to the conference. All parties, attorneys who will try the case, and insurance representatives with settlement authority are required to attend the settlement conference. If settlement is not reached through the conference, the case proceeds to trial as scheduled.

**Cost**

All parties must submit a $250 generally non-refundable administrative fee to the Bar Association of San Francisco. Parties who meet certain eligibility requirements may request a fee waiver. For more information, please contact the ESP Coordinator at (415) 782-9000 ext. 8717.

* * * * * * * * * * * * * * * * * * * *

For further information about San Francisco Superior Court ADR programs or dispute resolution alternatives, please contact:

Superior Court Alternative Dispute Resolution,
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

Or, visit the Superior Court Website at **www.sfsuperiorcourt.org**

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
400 McAllister Street, San Francisco, CA 94102-4514

|  |  |
|---|---|
| Plaintiff<br><br>v.<br><br><br>Defendant | Case No. _____<br><br>**STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**<br><br>**DEPARTMENT 610** |

**The parties hereby stipulate that this action shall be submitted to the following alternative dispute resolution process:**

☐   **Private Mediation**    ☐   **Mediation Services of BASF**   ☐   **Judicial Mediation**
☐   **Binding arbitration**                                           Judge _____
☐   **Non-binding judicial arbitration**                            Judge _____
☐   **BASF Early Settlement Program**
☐   **Other ADR process (describe)** _____

**Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

_____

_____

| | | |
|---|---|---|
| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant | | Dated: _____ |

| | | |
|---|---|---|
| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant | | Dated: _____ |

| | | |
|---|---|---|
| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant | | Dated: _____ |

☐   *Additional signature(s) attached*

ADR-2 05/11                      **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:                                FAX NO. *(Optional):*

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):*  ☐ **UNLIMITED CASE**<br>(Amount demanded<br>exceeds $25,000)  ☐ **LIMITED CASE**<br>(Amount demanded is $25,000<br>or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:                    Time:                Dept.:              Div.:            Room:

Address of court *(if different from the address above):*

☐ ¿Notice of Intent to Appear by Telephone, by *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐  This statement is submitted by party *(name):*
   b. ☐  This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐  The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐  The following parties named in the complaint or cross-complaint
      (1) ☐  have not been served *(specify names and explain why not):*
      (2) ☐  have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐  have had a default entered against them *(specify names):*
   c. ☐  The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(Describe, including causes of action):*

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | Page 1 of 5<br>Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov |

Exhibit A - 27

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
a. ☐ The trial has been set for *(date):*
b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☐ days *(specify number):*
b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:      f. Fax number:
e. E-mail address:      g. Party represented:
☐ Additional representation is described in Attachment 8.

9. **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
a. ADR information package. Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
(1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b. Referral to judicial arbitration or civil action mediation *(if available)*.
(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

Exhibit A - 28

CM-11

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in (*check all that apply and provide the specified information*):

| | The party or parties completing this form are willing to participate in the following ADR processes (*check all that apply*): | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes (*attach a copy of the parties' ADR stipulation*): |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for (*date*):<br>☐ Agreed to complete mediation by (*date*):<br>☐ Mediation completed on (*date*): |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (*date*):<br>☐ Agreed to complete settlement conference by (*date*):<br>☐ Settlement conference completed on (*date*): |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for (*date*):<br>☐ Agreed to complete neutral evaluation by (*date*):<br>☐ Neutral evaluation completed on (*date*): |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for (*date*):<br>☐ Agreed to complete judicial arbitration by (*date*):<br>☐ Judicial arbitration completed on (*date*): |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for (*date*):<br>☐ Agreed to complete private arbitration by (*date*):<br>☐ Private arbitration completed on (*date*): |
| (6) Other (*specify*): | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for (*date*):<br>☐ Agreed to complete ADR session by (*date*):<br>☐ ADR completed on (*date*): |

**Exhibit A - 29**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**
  a. ☐ Insurance carrier, if any, for party filing this statement (name):
  b. Reservation of rights: ☐ Yes ☐ No
  c. ☐ Coverage issues will significantly affect resolution of this case (explain):

**12. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
  ☐ Bankruptcy ☐ Other (specify):
Status:

**13. Related cases, consolidation, and coordination**
  a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
    ☐ Additional cases are described in Attachment 13a.
  b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by (name party):

**14. Bifurcation**
  ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action (specify moving party, type of motion, and reasons):

**15. Other motions**
  ☐ The party or parties expect to file the following motions before trial (specify moving party, type of motion, and issues):

**16. Discovery**
  a. ☐ The party or parties have completed all discovery.
  b. ☐ The following discovery will be completed by the date specified (describe all anticipated discovery):
      Party           Description           Date

  c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated (specify):

CASE MANAGEMENT STATEMENT

**Exhibit A - 30**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

Exhibit A - 31



# Superior Court of California
## County of San Francisco



HON. KATHERINE FEINSTEIN
PRESIDING JUDGE

## Judicial Mediation Program

JENIFFER B. ALCANTARA
ADR ADMINISTRATOR

The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to personal injury, professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial Mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

| | |
|---|---|
| The Honorable Linda Colfax | The Honorable James J. McBride |
| The Honorable Michael Begert | The Honorable Ronald Quidachay |
| The Honorable Gail Dekreon | The Honorable A. James Robertson, II |
| The Honorable Ernest H. Goldsmith | The Honorable John K. Stewart |
| The Honorable Curtis Karnow | The Honorable Monica F. Wiley |
| The Honorable Charlene P. Kiesselbach | The Honorable Mary E. Wiss |
| The Honorable Patrick J. Mahoney | The Honorable Charlotte W. Woolard |
| The Honorable Tomar Mason | |

Parties interested in Judicial Mediation should file the Stipulation to Alternative Dispute Resolution form indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 610. A preference for a specific judge may be indicated on the form but assignment to a particular judge is not guaranteed. Please allow at least 30 days from the filing of the form to receive the notice of assignment. The court Alternative Dispute Resolution Administrator will facilitate assignment of cases that qualify for the program.

Note: Space and availability is limited. Submission of a stipulation to Judicial Mediation does *not* guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3876

07/2011 (rw)

Exhibit A - 32

## What users are saying . . .

"We had an excellent experience and, after 8½ hours of mediation, [the BASF mediator] settled a very difficult case involving claims against four clients of ours by a wealthy investor who claimed inadequate disclosure was made."

Robert Charles Friese, Esq.
Sharriis Friese LLP

"The BASF Mediation Services is the best deal in town and this mediator was the best I have ever experienced."

Vernon Bradley, Esq.
Bradley Law Offices

"Much thanks to the mediator and The Bar Association of San Francisco. The mediator was extraordinary; he went above and beyond the call of duty, and his knowledge of real property issues greatly assisted the parties."

Robert P. Travis, Esq.
Travis and Pon

"BASF staff was very helpful – stayed on the task and kept after a hard to reach party. The mediator was great!"

Mark Abelson, Esq.
Campagnoli, Abelson
& Campagnoli

"The [BASF] mediator was excellent! He was effective with some strong, forceful personalities."

Denise A. Leadbetter, Esq.
Zacks, Utrecht & Leadbetter

Business
Civil Rights
Commercial
Construction
Contracts
Disability
Discrimination
Education
Employment/Workplace
Environmental
Family
Family-Certified Specialists
Fee Disputes
Financial
Government
Insurance
Intellectual Property
Intra-Organizational
Labor
Landlord/Tenant
Land Use
LGBT Issues
Malpractice: Legal-Medical-Professional
Partnership Dissolutions
Personal Injury
Probate/Trust
Products Liability
Real Estate
Securities
Taxation
Uninsured Motorist
Women's Issues

Exhibit A - 33

## WHAT IS BASF'S MEDIATION SERVICE?

Mediation Services was established in 2005 by The Bar Association of San Francisco (BASF) with extensive input from experienced mediators, litigators and judges. Our mediation service can assist with almost any type of dispute, from simple contract disputes to complex commercial matters.

## WHO ARE THE MEDIATORS?

They are established mediators who have private mediation practices and have met our rigorous training and experience requirements. By going through BASF, you receive the services of these highly qualified mediators at a great value.

## HOW MUCH DOES THE SERVICE COST?

A $250 per party administrative fee is paid to BASF. This fee covers the first hour of mediator preparation time and the first two hours of session time, but your mediation is not limited to three hours. Time beyond these three hours is paid at the mediator's normal hourly rate. To qualify for the pro-bono hours from our professional mediators, parties must file the Consent to Mediate form with BASF.

## HOW IS THE MEDIATOR CHOSEN?

You may request a specific mediator from our website (www.sfbar.org/mediation) and indicate your choice on the BASF Consent to Mediate form, or you may indicate on the form that you would like BASF to assist with the selection.

Exhibit A - 34

## WHY DO THE MEDIATORS GIVE FREE HOURS; IS THE SERVICE ONLY FOR "SMALL" MATTERS?

The mediators are professionals who have agreed to provide the free time as a service to BASF, allowing us to offer a unique mediation panel of high quality and value. Our mediators are available for any size case; we've handled everything from simple property disputes to complex business matters.

## WHY SHOULD I GO THROUGH BASF, CAN'T I JUST CALL THE MEDIATOR DIRECTLY?

The BASF mediators are available privately but have also agreed to serve on our panel and provide three free hours as a service to BASF. If you go directly to one of our mediators, you do not qualify for the pro bono hours. Once you have filed with us, you will work directly with the mediator.

## HOW LONG IS THE MEDIATION SESSION?

The time spent in mediation will vary depending on your dispute. The mediators are dedicated to reaching a settlement, whether you need a few hours or several days.

## WHO CAN USE THE SERVICE?

The BASF mediators can be utilized by anyone and is NOT limited to San Francisco residents or issues. Also, the service may be used before a court action is filed or at any time during court action.

## OUR CASE IS FILED IN COURT; HOW DO WE USE BASF'S MEDIATION SERVICE?

When you file the San Francisco court's stipulation to ADR, simply check the box indicating your choice as Mediation Services of BASF. Then complete BASF's Consent to Mediate form found on our website and file it with us, or call us for the form. (If the matter was filed in a different county, please check with that court for the appropriate process.)

## WE ARE ON A DEADLINE; HOW QUICKLY CAN WE MEDIATE?

Once all parties have filed the BASF Consent to Mediate form and paid the administrative fees, BASF can normally have you in touch with the mediator within a day or two. If you have a deadline, staff will give the matter top priority.

## WHAT TYPES OF DISPUTES CAN I MEDIATE?

BASF mediators are trained in dozens of areas of disputes. If you don't see the area you need in our 30+ panels found on our website and this brochure, just contact us; it is very likely we can match your need with one of our panelists.

## MORE INFORMATION

Our website provides photographs, short biographies and hourly rates of our mediators. You can search by name or by area of law. For personal assistance, please call 415-982-1600.



SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN FRANCISCO

## Document Scanning Lead Sheet
Jul-11-2012 10:36 am

Case Number: CGC-12-522191

Filing Date: Jul-11-2012 10:36

Filed by:  CAROL BALISTRERI

Juke Box: 001    Image: 03682406

PROOF OF SERVICE OF SUMMONS AND COMPLAINT

KAREN KING VS. BANK OF AMERICA, NATIONAL ASSOCIATION et al

001C03682406

**Instructions:**
Please place this sheet on top of the document to be scanned.

**Exhibit B – 35**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Elliot Gale, 263326 | **F I L E D** |
| L/O OF SCOTT J. SAGARIA | Superior Court of California |
| 333 WEST SAN CARLOS ST SUITE 1625 | County of San Francisco |
| SAN JOSE, CA 95110 | **JUL 1 1 2012** |
| TELEPHONE NO.: (408) 279-2288 | CLERK OF THE COURT |
| ATTORNEY FOR (Name): Plaintiff | BY: |
| | Deputy Clerk |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF | |
|---|---|
| Superior Court of California, San Francisco County | |
| 400 McAllister Street, Civil | |
| San Francisco, CA 94102-0000 | |

| PLAINTIFF/PETITIONER: Karen King | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Bank of America, National Association | CGC-12-522191 |

| PROOF OF SERVICE OF SUMMONS | Ref No. or File No.: |
|---|---|
| | none |

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of: Civil Case Cover Sheet, Complaint, Summons, Notice to Plaintiff, ADR Packet

## BY FAX

3. a. Party served: Bank of America, National Asssociation an FDIC insured corporation

   b. Person Served: CT Corporation - Margaret Wilson - Person authorized to accept service of process

4. Address where the party was served: 818 West Seventh Street 2nd Floor
                                        Los Angeles, CA 90017

5. I served the party
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on (date): 7/9/2012          (2) at (time): 3:10 PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   c. on behalf of:


   Bank of America, National Asssociation an FDIC insured corporation


   under:     CCP 416.10 (corporation)
7. Person who served papers
   a. Name:        Jimmy Lizama
   b. Address:     One Legal - 194-Marin
                   504 Redwood Blvd #223
                   Novato, CA 94947

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 35.95
   e I am:
      (3) registered California process server.
          (i)  Employee or independent contractor.
          (ii) Registration No.: 4553
          (iii) County: LOS ANGELES
8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.
Date: 7/10/2012

             Jimmy Lizama
       (NAME OF PERSON WHO SERVED PAPERS)                          (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010                                          Code of Civil Procedure, § 417.10
[Rev. Jan 1, 2007]          PROOF OF SERVICE OF SUMMONS
                              **Exhibit B - 36**          OL# 6783818

1  BLANK ROME LLP
   Todd A. Boock (SBN 181933)
2  TBoock@BlankRome.com
   Robert P. Merten III (SBN 261446)
3  RMerten@BlankRome.com
   1925 Century Park East, 19th Floor
4  Los Angeles, CA 90067
   Telephone:    424.239.3400
5  Facsimile:    424.239.3434

6  Attorneys for Defendant
   BANK OF AMERICA, NATIONAL ASSOCIATION
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF SAN FRANCISCO

10

11  | KAREN KING, | Case No. HG12638055 |
|---|---|
12  | Plaintiff, | [Assigned to Katherine Feinstein, Room 610] |
13  | vs. | **NOTICE OF REMOVAL TO FEDERAL COURT** |
14  | BANK OF AMERICA, NATIONAL ASSOCIATION an FDIC insured corporation and | Complaint Filed:   July 6, 2012 |
15  | DOES 1 through 100 inclusive, | |
16  | Defendant. | |

17

18

19

20

21

22

23

24

25

26

27

28                          **Exhibit C - 37**

   136045.38200/95086322v.2

                    **NOTICE OF REMOVAL TO FEDERAL COURT**

1     **TO THIS HONORABLE COURT, PLAINTIFF AND HER COUNSEL OF RECORD:**

2     **PLEASE TAKE NOTICE** that a Notice of Removal of this action was filed in the United

3     States District Court for the Northern District of California on August 8, 2012.

4     A copy of said Notice of Removal is attached to this Notice and is served and filed herewith

5     as **Exhibit 1**.

6

7     DATED: August 8, 2012         BLANK ROME LLP

8

9                       By: _____

10                        Robert P. Merten III
                           Attorneys for Defendant

11                        BANK OF AMERICA, NATIONAL ASSOCIATION

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                      **Exhibit C - 38**

28

136045.38200/95086322v.2          1

**NOTICE OF REMOVAL TO FEDERAL COURT**