SCOTT J. SAGARIA (BAR # 217981)
SJSagaria@sagarialaw.com
ELLIOT W. GALE (BAR #263326)
Egale@sagarialaw.com
SAGARIA LAW, P.C.
333 West San Carlos Street, Suite 1750
San Jose, CA 95110
408-279-2288 ph
408-279-2299 fax

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| KAREN KING,<br><br>    Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION, AN FDIC INSURED CORPORATION AND DOES 1-100 INCLUSIVE,<br><br>    Defendants. | Case No.: 3:12-CV-04168-JCS<br><br>PLAINTIFF KAREN KING'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT<br><br>Courtroom: G-15th Floor<br>Date: October 5, 2012<br>Time: 9:30 a.m.<br>Judge: Honorable Joseph C. Spero |

**TABLE OF CONTENTS**

Page(s)

I. INTRODUCTION..................................................................................................5

II. STATEMENT OF RELEVANT FACTS AND ISSUES TO BE
    DECIDED..........................................................................................................5

III. LEGAL ARGUMENT...........................................................................................6

    a. <u>Legal Standard Governing A Motion To Dismiss</u>.............................................6

    b. <u>Plaintiff First Cause Of Action Sufficiently States Two Separate Violations Of
    The Federal Fair Credit Reporting Act</u>...........................................................7

        i. Plaintiff's Complaint Adequately States A Claim For Violation Of The
            Fair Credit Reporting Act Based On Defendant's Unreasonable
            Investigation And Continued Inaccurate Reporting After Receiving Notice
            Of Plaintiff's Dispute From Experian...........................................................9

        ii. Plaintiff's Complaint Adequately States A Separate Violation Of The Fair
            Credit Reporting Act Based On Defendant's Failure To Report Nature Of
            Plaintiff's Dispute To Experian.....................................................................11

        iii. Plaintiff's Complaint Adequately States A Claim For Actual Damages...12

    c. <u>Plaintiff's Second Cause Of Action Adequately States A Claim For Violation Of
    California Consumer Credit Reporting Agencies Act § 1785.25(a)</u>................13

    d. <u>Plaintiff's Third Cause Of Action Based On Defendant's Violation Of California
    Consumer Credit Reporting Agencies Act § 1785.25(a) Also Adequately States A
    Claim For Violation of California Business & Professions Code
    §17200</u>...........................................................................................................14

    e. <u>Plaintiff's Claims Are Not Barred By The Bankruptcy Code</u>......................15

IV. CONCLUSION..................................................................................................16

# TABLE OF AUTHORITES

Page(s)

CASES

*Ashcroft v. Iqbal*, 556 U.S. 662, 674 (2009).................................................................7

*Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 633 (1999)....................................6

*Erickson v. Pardus*, 551 U.S. 89, 93-94, (2007).............................................................7

*Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 184 (2005)....................................7

*Local Loan Co. v. Hunt*, 292 U.S. 234, 244 (1934).........................................................9

*Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 51 (2007)..................................................7

*Drew v. Equifax Info. Servs., LLC.*, No. 11-15008, 2012 U.S. App. LEXIS 16378, at *8 (9th Cir. April 20, 2012)..............................................................................................8, 9

*Gorman v. Wolpoff & Abramson LLP.*, 584 F.3d 1147, 1153 (9th Cir. 2009)..................................................................................................8, 11, 13

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).....................................................7

*Nelson v. Chase Manhattan*, 282 F.3d 1057, 1060 (9th Cir. 2002)................................8

*Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 505 (9th Cir. 2002)............................15

*Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007).........................7

*Alkan v. Citimortgage*, 336 F. Supp. 2d 1061, 1063-1064 (N.D. Cal. 2004)................12

*Browndorf v. TD Bank, N.A.*, No. SACV12-0223 DOC(JPRx), 2012 U.S. Dist. LEXIS 99237, at *16 (C.D. Cal. July 17, 2012)...............................................................9, 13, 15, 16

*Hanks v. Talbots Classics Nat'l Bank*, No. C 12-2612 SI, 2012 U.S. Dist. LEXIS 109934, at * 2-3 (N.D. Cal. August 6, 2012)............................................................................9, 10, 15

*Henry v. Saxon Mortg., Inc.*, No. CV-10-2551-PHX-JAT, 2011 U.S. Dist. LEXIS 128841, at *3-4 (D. Ariz. Nov. 7, 2011)...............................................................................................16

*Peterson v. Wash. Mut. Bank*, No. C-10-01462 JCS, 2010 U.S. Dist. LEXIS 144391, at * 26 (N.D. Cal. July 29, 2010)..................................................................................8, 10

*Wang v. Asset Acceptance, LLC.*, No. C 09-04797 SI, 2010 U.S. Dist. LEIXS 91946 at *5 (N.D. Cal. July 27, 2010)..................................................................................8, 10, 11

*White v. Transunion LLC.* 462 F. Supp. 2d 1079, 1083 (C.D. Cal. 2006)..........................14

*Progressive West Ins. Co. v. Superior Court,* (2005) 135 Cal. App. 4th 263, 287, 37 Cal. Rptr. 3d 434, 454....................................................................................................14

*Ticconi v. Blue Shield of California Life & Health Ins. Co.*, (2008) 160 Cal. App. 4th 528, 539, 72 Cal. Rptr. 3d 888..........................................................................................14

STATUES

Federal Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(a)(1)..........................................8

Federal Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(a)(3)..........................................11

Federal Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b)................................6, 8, 9, 11

Federal Fair Credit Reporting Act, 15 U.S.C. § 1681(n)&(o)..........................................12

Federal Fair Debt Collection Practices Act, 15 U.S.C. §1692..........................................14

11 U.S.C. § 727(b)..................................................................................................9

11 U.S.C. § 524(a)(2)..............................................................................................15

California Civil Code § 1785.25(a)....................................................................6, 13

California Civil Code § 1785.31................................................................................13

California Business and Professions Code § 17200.................................................6, 14

OTHER RULES

FED. R. CIV. P. 12(B)(6)..........................................................................................6

# I. INTRODUCTION

Defendant Bank of America, National Association (hereinafter "BANA") brings the present motion asserting three reasons why Plaintiff's complaint should be dismissed. Defendant generally states that the complaint should be dismissed with prejudice because Plaintiff has not adequately alleged any injury as a result of BANA's actions, has not provided sufficient facts to give BANA fair notice of its alleged wrongdoing, and is impermissibly attempting to circumvent the remedial scheme afforded by the Bankruptcy Code.

Defendant's motion, however, suffers from two principal defects. First, the allegations in the complaint clearly state the facts supporting the three claims alleged and the specific injuries Plaintiff incurred as a result of Defendant's actions. As such, Defendant appears to be primarily concerned with Plaintiff's alleged inability to *prove* the allegations in the complaint and that Plaintiff suffered an actual injury. Second, it is also clear that Defendant misinterprets Plaintiff's allegations as nothing more than an attempt to state a claim based on a violation of the bankruptcy discharge injunction. Plaintiff has not alleged that Defendant violated the discharge injunction and more importantly, even if Plaintiff did allege facts justifying a cause action under the Bankruptcy Code as well, Plaintiff's complaint would still not be governed by the Bankruptcy Code. Plaintiff, therefore, respectfully requests that this Court deny Defendant's motion to dismiss Plaintiff's complaint in its entirety.

## II. STATEMENT OF RELEVANT FACTS AND ISSUES TO BE DECIDED

Plaintiff filed a voluntary Chapter 7 bankruptcy petition on April 18, 2010 and received a discharge of all debt including debts Plaintiff owed to Defendant on July 21, 2010. Compl., at ¶ 12-15. At the time Plaintiff filed for bankruptcy, Plaintiff listed on her bankruptcy petition a debt owed to Defendant secured by her primary residence. Compl., at ¶ 13. After Plaintiff received a discharge in bankruptcy, Plaintiff submitted a dispute letter to Experian on May 5, 2011

requesting a full investigation of information that Defendant reported to Experian. Compl., at ¶ 16. Specifically, Plaintiff disputed Defendant's inaccurate reporting that Plaintiff was still obligated to and failed to make timely payments on a debt that was included in Plaintiff's bankruptcy petition and discharged. Compl., at ¶ 16. Plaintiff also disputed Defendant's failure to update its reporting to reflect that Plaintiff's account was discharged in bankruptcy. Compl., at ¶16. Plaintiff alleges that the information was inaccurate because Plaintiff's bankruptcy discharge removed any further obligation to make payments on the discharged debt.

On June 6, 2011 Plaintiff received an updated Experian credit report. The credit report indicates that Defendant verified the accuracy of the reported overdue payments and that Plaintiff did not include this account in her bankruptcy petition. Compl. at ¶17. There is also no indication on the credit report that Plaintiff still disputed the accuracy of the information reported. Compl. at ¶17. Plaintiff filed this action in the Superior Court of San Francisco County on July 6, 2012. Plaintiff's complaint states three causes of action violation of Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b), the California Consumer Credit Reporting Agencies Act ("CCCRAA"), California Civil Code § 1785.25(a), and California Business & Professions Code § 17200 ("UCL"). Defendant removed the complaint to this Court on August 8, 2012 and filed the instant motion alleging that Plaintiff's FCRA, CCRAA, and UCL claims should be dismissed with prejudice.

### III. LEGAL ARGUMENT

   a. Legal Standard Governing A Motion to Dismiss

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint. *See Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 633 (1999). A dismissal is generally proper only where there "is no cognizable legal theory or does not contain sufficient facts to state a claim for

relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 674 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 676.

In evaluating a motion to dismiss, the court does not look at whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence to support the asserted claims. *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 184 (2005) (quotation omitted). In so doing, the court must limit its review to the contents of the complaint, must accept all of Plaintiff's allegations as true, and must construe the allegations in the light most favorable to Plaintiff. *Erickson v. Pardus,* 551 U.S. 89, 93-94, (2007); *Vasquez v. Los Angeles County,* 487 F.3d 1246, 1249 (9th Cir. 2007). In the event that the court dismisses Plaintiff's complaint, leave to amend should be granted even if no request to amend is made "unless the court determines that the pleading could not possibly be cured by an amendment." *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000).

    b. <u>Plaintiff First Cause of Action Sufficiently States Two Separate Violations Of The Federal Fair Credit Reporting Act</u>

Congress enacted the FCRA in 1970 to, "ensure fair and accurate credit reporting to the maximum extent possible to protect the creditworthiness and reputation of every consumer . . . ." *Safeco Ins. Co. of Am. v. Burr,* 551 U.S. 47, 51 (2007). It was prefaced with a congressional finding that "unfair credit methods undermine the public confidence which is essential to the continued functioning of the banking system." 15 U.S.C. § 1681(a)(1). To ensure that credit reports are accurate, the FCRA imposes certain duties on the sources that provide credit information to credit reporting agencies ("CRA's"), called "furnishers" in the statute. *Gorman v.*

*Wolpoff & Abramson LLP.*, 584 F.3d 1147, 1153 (9th Cir. 2009). Under § 1681s–2(a)(1) of the FCRA, no person shall furnish information to a CRA that the person knows is inaccurate. The FCRA also sets out a series of procedures that dictate how a furnisher must investigate and correct erroneous information under § 1681s–2(b)(1). *Drew v. Equifax Info. Servs., LLC.*, No. 11-15008, 2012 U.S. App. LEXIS 16378, at *8 (9th Cir. April 20, 2012). Upon being notified of a consumer dispute from a consumer reporting agency, the furnisher must:

> "(A) conduct an investigation with respect to the disputed information;
> (B) review all relevant information provided by the consumer reporting agency ...;
> (C) report the results of the investigation to the consumer reporting agency; and
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis"

In balancing the competing interest of furnishers and consumers, the FCRA does not afford a private right of action based on a furnisher's mere inaccurate reporting. *Nelson v. Chase Manhattan*, 282 F.3d 1057, 1060 (9th Cir. 2002). Therefore, to establish a prima facie violation of the FCRA against a furnisher, a plaintiff need only allege that he or she submitted a dispute regarding the accuracy of the information reported to a credit reporting agency, that the credit reporting agency notified the furnisher of the information, and that the furnisher failed to take the remedial measures outlined in the statute. *Peterson v. Wash. Mut. Bank*, No. C-10-01462 JCS, 2010 U.S. Dist. LEXIS 144391, at * 26 (N.D. Cal. July 29, 2010); *Wang v. Asset Acceptance LLC.*, No. C 09-04797 SI, 2010 U.S. Dist. LEXIS 91946, at * 15 (N.D. Cal. July 27, 2010).

      i. Plaintiff's Complaint Adequately States A Claim For Violation Of The Fair Credit Reporting Act Based On Defendant's Unreasonable Investigation And Continued Inaccurate Reporting After Receiving Notice Of Plaintiff's Dispute From Experian

The Ninth Circuit has repeatedly made clear that furnisher liability under § 1681s-2(b) merely requires a showing that the Defendant, after receiving notice of a consumer dispute from a consumer reporting agency, failed to reasonably investigate the dispute and rectify past misreporting. *Drew*, No. 11-15008, 2012 U.S. App. LEXIS 16378, at * 8. Past misreporting includes information that is patently incorrect or misleading to such an extent that it can be expected to adversely affect credit decisions. *Id.* at 14. The FCRA's prohibition against inaccurate reporting takes heightened importance after a consumer seeks the protection afforded by the Bankruptcy Code.[1] Indeed, the unique interplay that exists between the Bankruptcy Code and the FCRA ultimately centers on the legal effect of the bankruptcy discharge. Under Section 727(b), a bankruptcy discharge extinguishes the debtor's personal liability to pay the prepetition debt. As such, credit reports, post bankruptcy, must indicate that the debt has been discharged in bankruptcy and that the debtor is not personally liable for the debt after the date the bankruptcy petition is concluded. Credit reports continuing to suggest that a debtor is still liable for a discharged debt are inaccurate for the purposes of the FCRA.11 U.S.C. § 727(b); *Browndorf v. TD Bank, N.A.*, No. SACV12-0223 DOC(JPRx), 2012 U.S. Dist. LEXIS 99237, at *16 (C.D. Cal July 17, 2012).

*Hanks v. Talbots Classics Nat'l Bank* is particularly instructive on the sufficiency of Plaintiff's allegations. In *Hanks*, Plaintiff filed for and a received a Chapter 7 Bankruptcy discharge on all prepetition debt including a debt owed to Defendant. No. C 12-2612 SI, 2012 U.S. Dist. LEXIS 109934, at * 2-3 (N.D. Cal. August 6, 2012). Plaintiff alleged that "sometime

---

[1] The heightened importance refers to the Bankruptcy Code's ultimate aim to guarantee a bankrupt debtor a fresh start following successful conclusion of a bankruptcy petition. *Local Loan Co. v. Hunt*, 292 U.S. 234, 244 (1934).

after" the defendant was notified of the plaintiff's bankruptcy case and subsequent dispute with Experian, defendant continued reporting to credit reporting agencies that one or more credit accounts belonging to plaintiff and discharged in bankruptcy were "charged off." *Id.* In denying Defendant's motion to dismiss, the *Hanks* Court held that Plaintiff's allegation plausibly stated a claim for relief. *Id.*; *Peterson,* No. C-10-01462 JCS, 2010 U.S. Dist. LEXIS 144391, at * 26 (holding Plaintiff stated a claim under the FCRA for Defendant's failure to correct inaccurate delinquencies in payment).

Similar to *Hanks* and *Peterson*, Plaintiff's FCRA claim, based on Defendant's failure to reasonably investigate the accuracy of the information Defendant reported and rectify its past misreporting, sufficiently states a claim for relief to be granted. Plaintiff alleges that after receiving a bankruptcy discharge, Defendant continued reporting to Experian that Plaintiff was still obligated to and failed to make required payments on the discharged debt. Compl., at ¶ 14. Moreover, contrary to Defendant's assertion, Plaintiff's complaint clearly states that Defendant continued reporting this inaccurate information after receiving notice of Plaintiff's bankruptcy discharge and dispute letter from Experian specifically referencing the reason why Plaintiff disputed the accuracy of the information.[2] Compl. at, ¶ 10.

Defendant evidently still cannot properly respond to the allegations Plaintiff's complaint. In order to do so, Defendant erroneously claims that Plaintiff should have provided detailed copies credit reports with the inaccurate information in addition to providing a detailed description of the circumstances regarding Experian's notice of dispute. Such specificity, however, has never been required to plausibly state a claim for relief under the FCRA. In fact this argument was explicitly rejected by the court in *Wang v. Asset Acceptance, LLC.,* No. C 09-

---

[2] Def. Motion to dismiss at 5: 17-19.

04797 SI, 2010 U.S. Dist. LEXIS 91946, at *13. More importantly, it is well settled that a Plaintiff need not affix credit reports to a complaint in order to adequately plead an FCRA claim. *Id.*; *Hanks*, No. C 12-2612 SI, 2012 U.S. Dist. LEXIS 109934, at * 2-3. Accordingly, Plaintiff's complaint states a cause of action upon which relief can be granted.

    ii. Plaintiff's Complaint Adequately States A Separate Violation Of Fair Credit Reporting Act Based On Defendant's Failure To Report The Nature Of Plaintiff's Dispute To Experian

Section 1681s-2(a)(3) of the FCRA, states a "[i]f the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer." While this provision is not privately enforceable, a furnisher's decision to continue reporting a disputed debt without any notation of the dispute presents a cognizable claim under § 1681s–2(b) of the FCRA. *Gorman*, 584 F.3d at 1154, 1161 (separately reviewing plaintiff's allegations that a furnisher violated its duty to conduct a reasonable investigation and its duty to accurately report a debt as disputed); *Wang*, No. C 09-04797 SI, 2010 U.S. Dist. LEXIS 91946, at *5. Requiring a furnisher to report the dispute, "limits the intimidation a consumer may feel to pay a debt not actually due and to protect against unfair credit reporting." *Gorman,* 584 F.3d at 1163.

As previously discussed, Plaintiff alleges, without opposition, that Defendant continued furnishing inaccurate information after receiving notice of Plaintiff's dispute from Experian. In particular, Plaintiff disputed Defendant's inaccurate reporting that Plaintiff failed to make payments after Plaintiff received a discharge in bankruptcy. Compl., at ¶ 24. Consequently, Defendant should have concluded from its investigation that the debt was disputed and should have reported this information to Experian. *Wang*, No. C 09-04797 SI, 2010 U.S. Dist. LEXIS

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS CASE NO. 3:12-CV-04168-JCS - 11

91946, at * 4. Accordingly, Plaintiff's allegation that Defendant separately violated § 1681s-2(b) by subsequently failing to report the debt as disputed adequately states a claim upon which relief can be granted.

### iii. Plaintiff's Complaint Adequately States a Claim for Actual Damages

Under the FCRA, an award of damages includes any actual damages incurred by the Plaintiff or an award of statutory damages in the case of a willful violation. 15 U.S.C. § 1681(n) & (o). The FCRA's plain language makes perfectly clear, that a showing of actual damages is not required to succeed on an FCRA claim. *Alkan v. Citimortgage* is instructive. The Defendant, in *Alkan*, similarly alleged that Plaintiff's claim was fatally defective because he failed to adequately state any claim for actual damages arising from Defendant's violation of § 1681s-2(b) of the FCRA. 336 F. Supp. 2d 1061, 1063-1064 (N.D. Cal. 2004). The *Alkan* court noted that the FCRA contains a built in damage award and as such a showing of actual damages is not required where the Plaintiff seeks statutory damages. Moreover, the *Alkan* court held that Plaintiff adequately stated a claim for damages under the FCRA where Plaintiff alleged that "[d]efendant's subsequent erroneous credit reporting following receipt of Plaintiff's dispute from a CRA prevented Plaintiff from accessing credit." *Id.*

In this case, Plaintiff's complaint provides facts supporting an allegation willfulness under the FCRA and requests an award of statutory damages pursuant to 15 U.S.C. § 1681(n).[3] Compl., at ¶ 66. As such, Plaintiff need not plead actual damages in order to successfully plead an FCRA claim. *Alkin*, 336 F. Supp. 2d at 1063. Moreover even if Plaintiff were required to plead actual damages, Plaintiff's complaint adequately does so. Indeed, Plaintiff alleges that as a result of Defendant's failure to reasonably investigate Plaintiff's dispute and rectify its past

---

[3] Indeed, Plaintiff alleges that Defendant after receiving notice of Plaintiff's bankruptcy discharge and dispute from Experian still refuses to correct its past misreporting.

inaccurate reporting, Plaintiff has incurred actual out of pocket expenses including reviewing credit reports and sending demand letters. Compl., at ¶ 31. In addition, Plaintiff also alleges that Defendant's continued inaccurate reporting has further impeded Plaintiff's ability to obtain credit. Compl., at ¶ 31. Similar to *Alkan*, Plaintiff's claim for actual damages, occurring as a result of Defendant's refusal to correct its past misreporting, sufficiently states a claim under the FCRA.

### c. Plaintiff's Second Cause of Action Adequately States A Claim For Violation Of California Consumer Credit Reporting Agencies Act § 1785.25(a)

The California Consumer Credit Reporting Agencies Act, the California equivalent to the FCRA, prohibits furnishers from reporting incomplete or inaccurate information to a credit reporting agency if the party knows or has reason to know that the information is inaccurate. Cal. Civ. Code § 1785.25(a). In a marked departure from the FCRA, California permits private parties to allege violations of § 1785.25(a). Cal. Civ. § Code 1785.31; *Gorman*, 584 F.3d at 1171; *Browndorf*, No. SACV12-0223 DOC(JPRx), 2012 U.S. Dist. LEXIS 99237 at *18. To succeed, Plaintiff need only prove that Defendant furnished inaccurate information with either knowledge of the inaccuracy or at least reason to know that the information was inaccurate and that Plaintiff was harmed as a result of the inaccurate information. *Browndorf*, No. SACV12-0223 DOC(JPRx), 2012 U.S. Dist. LEXIS 99237, at * 16.

Here, Plaintiff alleges that Plaintiff's bankruptcy discharge included a secured debt owed to Defendant. Compl., at ¶ 13-14. In addition, Plaintiff alleges that Defendant continued reporting that Plaintiff failed to make required payments even though Plaintiff was no longer personally liable for this debt as a result of her bankruptcy discharge. Compl., at ¶ 13. Defendant's receipt of Plaintiff's dispute from Experian provided Defendant fair notice that it furnished inaccurate information. *See Browndorf*, SACV12-0223 DOC(JPRx), 2012 U.S. Dist.

LEXIS 99237, at * 17. For the same reasons stated above, Plaintiff's claim for actual damages adequately supports a claim under the CCCRAA. Accordingly, Plaintiff has adequately alleged a violation of California Civil Code §1785.25(a).

      d. <u>Plaintiff's Third Cause of Action Based On Defendant's Violation Of California Consumer Credit Reporting Agencies Act § 1785.25(a) Also Adequately States A Claim For Violation Of California Business & Professions Code § 17200</u>

California Business & Professions Code § 17200 prohibits any unlawful, unfair, or fraudulent business practices. Relevant here is the unlawful prong of the UCL. "An unlawful business practice under the UCL is ' "an act or practice, committed pursuant to business activity, that is at the same time *forbidden by law*." ' " *Progressive West Ins. Co. v. Superior Court*, (2005) 135 Cal. App. 4th 263, 287, 37 Cal. Rptr. 3d 434, 454. " 'Virtually any law—federal, state or local—can serve as a predicate for an action under Business and Professions Code section 17200.' " *Ticconi v. Blue Shield of California Life & Health Ins. Co.*, (2008) 160 Cal. App. 4th 528, 539, 72 Cal. Rptr. 3d 888. Once an underlying predicate offense is established, Plaintiff need only allege injury in fact and loss of income as a result of the unlawful activity. *Id*.

*White v. Transunion LLC.*, is instructive. In *White*, Plaintiff alleged that Defendant's continued inaccurate reporting of Plaintiff's discharged debt constituted an unlawful business practice. 462 F. Supp. 2d 1079, 1083 (C.D. Cal 2006). The *White* court held that "perpetration of credit reports containing inaccurate erroneous information regarding "due and owing" debts is a sufficient injury to grant Plaintiffs standing." *Id*. Similar to *White*, Plaintiff has adequately stated an unlawful business practice under the UCL. Moreover, Plaintiff not only has alleged an actual injury as a result of Defendant's unlawful activity but also requests injunctive relief. Compl., at ¶ 66. Accordingly, the Court should deny Defendant's motion to dismiss Plaintiff's UCL claim.

e. <u>Plaintiff's Claims Are Not Barred By The Bankruptcy Code</u>

The issue of whether the Bankruptcy Code provides the exclusive remedy based on a claim inaccurate reporting of a discharged debt has never been addressed by the Ninth Circuit. According to Defendant, however, the Ninth Circuit's decision in *Walls v. Wells Fargo Bank, N.A.* precludes any claim for relief, other than that afforded by the Bankruptcy Code, based on inaccurate reporting of a discharged debt. In *Walls*, Plaintiff filed a voluntary bankruptcy petition listing a prepetition obligation owed to Defendant. *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 505 (9th Cir. 2002). Plaintiff alleged that after a bankruptcy discharge was entered, Defendant foreclosed on Plaintiff's house in violation of Section 524(a)(2) of the Bankruptcy Code and § 1692 of the Fair Debt Collection Practices Act. *Id.* Plaintiff's FDCPA claim was solely premised on Defendant's impermissible attempt on a discharged debt. The *Walls* Court held that a Plaintiff could not simultaneously maintain a claim for relief based on a violation of the discharge injunction and the FDCPA. *Id.* at 520. In so holding, the *Walls* court reasoned that such a claim would "impermissibly circumvent the remedial scheme of the Bankruptcy Code." *Id.*

Two principal reasons prove fatal to Defendant's assertion. First, the Ninth Circuit was not confronted with any claim based on a violation of the FCRA or CCCRAA. More importantly, contrary to the facts in *Walls*, Plaintiff has not alleged any claim based on a violation of § 524 of the Bankruptcy Code. As such the decision in *Walls* is not implicated by the allegations in Plaintiff's complaint. Defendant not only fails to address this notable defect but also completely misinterprets the allegations in Plaintiff's complaint as nothing more than a claim for a violation the discharge injunction. Defendant's argument is without merit. *Browndorf*, No. SACV12-0223 DOC(JPRx), 2012 U.S. Dist. LEXIS 99237, at *19 ("[t]his

argument has little merit as Creditor Defendants are attempting to place words in Plaintiff's mouth, claiming that "Plaintiff believes that Saxon is in contempt of the Discharge Injunction" and is seeking relief based on a violation of the injunction.") Second, Defendant's assertion has been repeatedly rejected by several district courts within this circuit. Indeed, the court in *Hanks v. Talbots Classics Nat'l Bank* specifically noted that *Walls* does not preclude a FCRA or CCCRAA claim where the complaint, although containing facts that could support a claim for violation of the bankruptcy discharge injunction, does not specifically assert such a claim. No. C 12-2612 SI, 2012 U.S. Dist. LEXIS 109934, at * 12; *Browndorf,* No. SACV12-0223 DOC(JPRx), 2012 U.S. Dist. LEXIS 99237, at *19; *Henry v. Saxon Mortg., Inc.,* No. CV-10-2551-PHX-JAT, 2011 U.S. Dist. LEXIS 128841, at *3-4 (D. Ariz. Nov. 7, 2011). Accordingly, Plaintiff's FCRA and CCCRAA claims are not precluded by the Bankruptcy Code.

## IV. CONCLUSION

Based on the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's motion to Dismiss Plaintiff's Complaint. In the alternative, should this Court grant Defendant's motion, Plaintiff respectfully requests this Court grant leave to amend.

Dated: August 31, 2012                                Sagaria Law, P.C.

                                                      By: /s/ Elliot Gale
                                                          Scott Sagaria
                                                          Elliot Gale
                                                          Attorneys for Plaintiff