IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN KING,<br><br>            Plaintiff,<br><br>    v.<br><br>BANK OF AMERICA, N.A., et al.<br><br>            Defendants. | Case No.: C-12-04168 JCS<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

**I.    INTRODUCTION**

Plaintiff Karen King ("Plaintiff") brings this action against Defendant Bank of America, N.A. ("Defendant"), seeking redress for Defendant's alleged inaccurate reporting of her discharged debt. Presently before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint ("Motion"). The Court finds that the Motion is suitable for disposition without oral argument pursuant to Civil Local Rule 7–1(b). Accordingly, the hearing on the Motion set for Friday, October 5, 2012 at 1:30 p.m. is VACATED. For the reasons stated below, the Court DENIES Defendant's Motion.[1]

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

## II.     BACKGROUND

### A.     The Complaint

On July 21, 2010, the United States Bankruptcy Court for the Northern District of California granted Plaintiff a discharge of all dischargeable debts pursuant to 11 U.S.C. § 727. Complaint at ¶ 14. This included a $50,877.00 debt owed to Defendant. *Id.* at ¶ 13. Defendant was noticed by electronic transmission of Plaintiff's discharge on July 23, 2010. *Id.* at ¶ 14. Subsequently, Defendant inaccurately reported that Plaintiff was delinquent in her payments of the discharged debt. *Id.* at ¶ 15. The Complaint alleges that

> [o]n or about May 5, 2011 Plaintiff sent Experian [Plaintiff's credit reporting agency] written notice disputing [Defendant's] improper reporting of delinquencies in payment . . . . Pursuant to Section 1681i(a)(2) of the Fair Credit Reporting Act, Experian provided notice to [Defendant] of Plaintiff's dispute. After receiving notice of Plaintiff's allegations, [Defendant] verified that it received notice of Plaintiff's [sic] from Experian while also continuing to inaccurately report the delinquencies in payment.

*Id.* at ¶ 10. On June 6, 2011, Plaintiff received a copy of her Experian credit report, showing that Defendant continued to report Plaintiff's delinquencies in payment and that Defendant failed to report Plaintiff's account as disputed. *Id.* at ¶ 16. To date, Defendant refuses to correct Plaintiff's credit report. *Id.* at ¶ 17.

Plaintiff initiated this action on July 6, 2012 in San Francisco Superior Court. *Id.* at 1. On August 8, 2012, Defendant timely removed the case to federal court based on federal question jurisdiction. Defendant's Notice of Removal, 1. Plaintiff's Complaint alleges three causes of action:

1) <u>Violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b)</u>: Plaintiff claims that Defendant violated Section 1681s-2(b)(1)(A) "by failing to reasonably investigate Plaintiff's dispute after receiving notice from Experian." *Id.* at ¶ 24. Plaintiff alleges that Defendant also violated Section 1681s-2(b)(1)(E) "by failing to discover and remove the derogatory delinquent notation on Plaintiff's credit report," as well as by failing to report to Experian "that Plaintiff disputed the account information." *Id.* at ¶ 25. Defendant's failure to correct the inaccuracies in Plaintiff's credit report "was intentional and in reckless disregard of its duty to refrain from reporting inaccurate information. Consequently, [Defendant] willfully and negligently failed to comply with its duty to investigate Plaintiff's dispute under 15 U.S.C. [§] 1681(n) & (o)." *Id.* at ¶ 27.

2

Plaintiff alleges damages arising from Defendant's FCRA violations as follows,

> 27. As a direct and proximate result of [Defendant's] willful and untrue communications, Plaintiff has suffered actual damages including but not limited to reviewing credit reports from all three consumer reporting agencies, traveling to and from Plaintiff's counsel's office, sending demand letters, continued impairment to her credit score, and such further expenses in an amount to be determined at trial.
>
> 28. As a further direct and proximate result of [Defendant's] acts stated herein, Plaintiff incurred pain and suffering, was impeded in seeking necessary products and services from vendors and additional credit from other credit agencies.

*Id.* at ¶¶ 27-28.

2) <u>Violation of the California Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785.25(a)</u>: Plaintiff makes the same allegations in connection with her CCRAA claim as she does with her FCRA claim, discussed above. *Id.* at ¶¶ 30-38.

3) <u>Violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200</u>: Plaintiff claims that Defendant's unfair and unlawful business practices "specifically includes [Defendant's] continued inaccurate reporting after receiving notice of Plaintiff's dispute in violation of California Civil Code § 1785.25(a)." *Id.* at ¶ 62.[2]

Plaintiff's Prayer for Relief seeks, *inter alia*, a preliminary and permanent injunction to stop Defendant from engaging in the conduct described above; $10,000 in statutory and actual damages pursuant to 15 U.S.C. § 1681n and Cal. Civ. Code § 1785.31; punitive damages; and attorney's fees and costs pursuant to 15 U.S.C. § 1681n & o and Cal. Civ. Code § 1785.31.

**B.  The Motion**

Defendant moves to dismiss Plaintiff's Complaint on the grounds that it fails to state a claim. Defendant first argues that all three claims should be dismissed because they require that Plaintiff allege actual harm as a result of the purported unlawful conduct. Motion at 3-4. Since Plaintiff fails to adequately allege such harm, she lacks "standing" to bring her claim. *Id.* Defendant asserts that the UCL requires a plaintiff to allege a loss of money or property in order to maintain a claim. *Id.* at 4 (citing *Peterson v. Cellco P'ship*, 164 Cal. App. 4th 1583, 1590 (2008); Cal. Bus. & Prof. Code §

---

[2] The Court notes that Plaintiff's Complaint contains misnumbered paragraphs; there are paragraphs 1-38 and 58-65, but no paragraphs 39-57.

3

1  17204). "At best, Plaintiff's alleged injuries (i.e. pain and suffering, traveling to and from attorney's
2  office, sending demand letters, checking credit reports, etc.) amount to self-inflicted frustration
3  caused by her bringing this unsubstantiated lawsuit in the first place, not that [Defendant's] actions
4  actually caused her to lose any money or property." *Id.*

5  Defendant next contends that the CCRAA and the FCRA require that Plaintiff be "actually
6  harmed" as a result of the alleged credit reporting violations. *Id.* (citing, *inter alia*, *Gorman v.*
7  *Wolpoff & Abramson, LLP*, 552 F.3d 1008, 1030 n.30 (9th Cir. 2009); *Sanai v. Saltz*, 170 Cal. App.
8  4th 746, 777 (2009); 15 USC §§ 1681n & o). Defendant asserts that Plaintiff fails to allege any
9  injury outside of "insufficient and unsubstantiated legal conclusions." *Id.* Defendant states that the
10 lack of any injury signals that Plaintiff's action is premature and she must wait to suffer actual harm
11 from Defendant's purported conduct. *Id.* at 4-5.

12 Defendant also argues that Plaintiff's claims fail because they do not sufficiently allege how
13 Defendant's credit reporting was inaccurate. *Id.* at 5 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S.
14 544, 570 (2007)). Defendant states that it cannot respond to the allegations because Plaintiff does
15 not specifically say what Defendant failed to "correct" in her credit report. *Id.* Defendant also
16 asserts that Plaintiff fails to provide "any circumstances regarding Experian's purported notice of the
17 debt dispute to [Defendant], which is required for Plaintiff to be able to state an actionable FCRA
18 claim as a private individual." *Id.*

19 Defendant further argues that Plaintiff's claims are barred by the Bankruptcy Code because
20 they are premised on Defendant's alleged violation of a bankruptcy discharge. *Id.* at 5-7 (citing
21 *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502 (9th Cir. 2002); *Barrientos v. Wells Fargo Bank,*
22 *N.A.*, 633 F.3d 1186, 1188 (9th Cir. 2011)). Defendant contends that since the Bankruptcy Code
23 provides Plaintiff's sole remedy, her claims fail and must be dismissed. *Id.*

24 Finally, Defendant contends that Plaintiff's UCL claim fails to satisfy any of the UCL's three
25 prongs—unlawful, unfair, or fraudulent. *Id.* at 7-10. Defendant also asserts that the claim fails
26 because Plaintiff is not entitled to any remedies under the UCL, which requires that Plaintiff must be
27 able to receive restitution in order to be awarded an injunction. *Id.* at 10 (citing *Citizens of*
28 *Humanity, LLC v. Costco Wholesale Corp.*, 171 Cal. App. 4th 1, 22 (2009)).

4

1  In response, Plaintiff first rejects Defendant's assertion that she fails to state a claim for

2 violation of the FCRA. Plaintiff contends that to establish a prima facie violation of the FCRA

3 against a furnisher, "a plaintiff need only allege that he or she submitted a dispute regarding the

4 accuracy of the information reported to a credit reporting agency, that the credit reporting agency

5 notified the furnisher of the information, and that the furnisher failed to take the remedial measures

6 outlined in the statute." Plaintiff's Opposition to Defendant's Motion to Dismiss ("Opposition"), 8

7 (citing *Peterson v. Wash. Mut. Bank*, No. C-10-01462 JCS, 2010 U.S. Dist. LEXIS 144391 (N.D.

8 Cal. July 29, 2010) (Spero, J.); *Wang v. Asset Acceptance LLC*, 2010 U.S. Dist. LEXIS 91946, at

9 *15 (N.D. Cal. July 27, 2010) (Illston, J.)). Plaintiff asserts she has adequately alleged her prima

10 facie case, including an adequate allegation concerning Experian's notice of the dispute to

11 Defendant. Opposition at 10. Plaintiff maintains that she need not provide a detailed description of

12 the circumstances of such notice. *Id.* (citing *Wang*, 2010 U.S. Dist. LEXIS 91946 at *13).

13  Regarding damages, Plaintiff contends that she does not necessarily have to incur actual

14 damages in order to succeed on her FCRA claim; instead, because Plaintiff alleges that Defendant

15 "willfully" violated the FCRA, she may be awarded her requested statutory damages in the absence

16 of any actual damages. *Id.* at 12 (citing 15 U.S.C. § 1681n; *Alkan v. CitiMortgage*, 336 F. Supp.2d

17 1061, 1063-64 (N.D. Cal. 2004) (Whyte, J.)). Plaintiff further contends that even if she needs to

18 allege actual damages, her Complaint does so. *Id.* at 12-13.

19  Regarding her CCRAA claim, Plaintiff contends that she need only allege that "Defendant

20 furnished inaccurate information with either knowledge of the inaccuracy or at least reason to know

21 that the information was inaccurate and that Plaintiff was harmed as a result of the inaccurate

22 information." *Id.* at 13 (citing *Brownndorf v. TD Bank, N.A.*, 2012 U.S. Dist. LEXIS 99237, at *16

23 (C.D. Cal. July 16, 2012)). Plaintiff insists her Complaint contains such allegations. *Id.* (citing

24 Complaint at ¶¶ 13-14).

25  Plaintiff also argues that the Complaint adequately claims a violation of the UCL based on

26 Defendant's violation of the CCRAA. *Id.* at 14. Plaintiff further contends that she has standing

27 under the UCL because she has alleged an "actual injury." *Id.* (citing *White v. Transunion LLC*, 462

28 F. Supp. 2d 1079, 1083 (C.D. Cal. 2006)).

1    Finally, Plaintiff rejects Defendant's argument that her claims are barred by the Bankruptcy
2    Code. *Id.* at 15-16.  Plaintiff contends that since she does not assert a claim pursuant to the
3    bankruptcy discharge injunction, her claims do not impermissibly circumvent the remedial scheme
4    of the Bankruptcy Code. *Id.* (citing *Brownndorf*, 2012 U.S. Dist. LEXIS 99237 at *9; *Hanks v.*
5    *Talbots Classics Nat'l Bank*, 2012 U.S. Dist. LEXIS 109934, at *12 (N.D. Cal. Aug. 6, 2012)).
6    In reply, Defendant recognizes that Plaintiff's FCRA claim may survive without a claim of
7    actual damages if Defendant's conduct was willful, but disputes that Plaintiff has adequately alleged
8    Defendant acted willfully.  Defendant's Reply in Support of Motion, 3.

## III. ANALYSIS

### A. Legal Standard

A complaint may be dismissed for failure to state a claim for which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 12(b)(6).  "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  Generally, a plaintiff's burden at the pleading stage is relatively light.  Rule 8(a) of the Federal Rules of Civil Procedure states that "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).

In ruling on a motion to dismiss under Rule 12, the court analyzes the complaint and takes "all allegations of material fact as true and construe(s) them in the lights most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington,* 51 F.3d 1480, 1484 (9th Cir. 1995).  Dismissal may be based on a lack of a cognizable legal theory or on the absence of facts that would support a valid theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 562 (2007) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at

1   555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual
2   enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

3       The factual allegations must be definite enough to "raise a right to relief above the
4   speculative level." *Twombly*, 550 U.S. at 555. However, a complaint does not need detailed factual
5   allegations to survive dismissal. *Id*. Rather, a complaint need only include enough facts to state a
6   claim that is "plausible on its face." *Id*. at 570. That is, the pleadings must contain factual
7   allegations "plausibly suggesting (not merely consistent with)" a right to relief. *Id*. at 557 (noting
8   that this requirement is consistent with Fed. R. Civ. P. 8(a)(2), which requires that the pleadings
9   demonstrate that "the pleader is entitled to relief").

10      **B.**     **Whether Plaintiff's FCRA Claim is Adequately Alleged**
11          **1.**     **Background Law**

12      The FCRA was enacted to promote the equitable use of consumer credit information and to
13  ensure fairness and accuracy within the credit reporting system. 15 U.S.C. § 1681. The FCRA
14  confers a private right of action upon consumers and allows them to sue a furnisher of credit
15  information if such furnisher breaches any of the duties enumerated in § 1681s-2(b). *See Gorman v.*
16  *Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1162 (9th Cir. 2009). A furnisher's duties "arise only
17  after the furnisher receives notice of dispute from a CRA; notice of a dispute received directly from
18  the consumer does not trigger furnishers' duties under subsection (b)." *Id.* "To state a claim under
19  the FCRA against the Defendants as a furnisher of credit information, the Plaintiff must allege that:
20  (1) he contacted the CRA; (2) the CRA pursued the claim; and (3) the CRA contacted the
21  Defendants regarding the dispute, triggering the Defendants' duty to investigate." *Peterson v. Wash.*
22  *Mut. Bank*, No. C-10-01462 JCS, 2010 U.S. Dist. LEXIS 144391, at *26 (N.D. Cal. July 29, 2010)
23  (Spero, J.) (citing *Roybal v. Equifax*, 405 F. Supp. 2d 1177, 1180 (E.D. Cal. 2005); *Nelson v. Chase*
24  *Manhattan Mortg. Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002)).

25      When a violation of 1681s-2(b) occurs, a plaintiff may base his allegations on negligent
26  noncompliance (§ 1681o) and/or willful noncompliance (§ 1681n) of § 1681s-2(b). Under § 1681o,
27  a person who negligently violates the FCRA is liable in an amount equal to the sum of "any actual
28  damages sustained by the consumer as a result of that violation" plus costs and attorney's fees.

7

Some courts have thus required a plaintiff to plead actual damages in order to allege an FCRA claim based on a negligent violation. *See Johnson v. CGR Servs., Inc.*, 2005 WL 991770, at *2 (N.D. Ill. Apr. 7, 2005) ("The FCRA does not explicitly limit the 'actual damages' recoverable under the statute and Plaintiff does not need to plead her damages with heightened particularity. However, the Complaint needs at least to give the other party some notice as to what her actual damages could possibly be."); *Martin v. Asset Acceptance, LLC*, 2012 WL 3042524, at *2-3 (N.D. Ill. July 25, 2012); *Engel v. Scully & Scully, Inc.*, 279 F.R.D. 117, 125-126 (S.D.N.Y. 2011). Under § 1681n, a person who "willfully" violates the FCRA may seek either actual damages or "damages of not less than $100 and not more than $1,000," as well as punitive damages and reasonable attorney's fees. § 1681n(a)(1)(A). Because a plaintiff may recover actual or statutory damages under § 1681n, that section does not require a plaintiff to allege actual damages. *See Martin*, 2012 WL 3042524, at *4.

### 2. Application of Law to Facts

Defendant argues that Plaintiff fails to adequately allege that Experian, the CRA, contacted Defendant regarding the dispute, and thus Defendant had no duty to investigate the dispute or to report the nature of the dispute to Experian. The Court disagrees. Plaintiff's Complaint alleges that

> [o]n or about May 5, 2011 Plaintiff sent Experian [Plaintiff's credit reporting agency] written notice disputing [Defendant's] improper reporting of delinquencies in payment . . . . Pursuant to Section 1681i(a)(2) of the Fair Credit Reporting Act, Experian provided notice to [Defendant] of Plaintiff's dispute. After receiving notice of Plaintiff's allegations, [Defendant] verified that it received notice of Plaintiff's [sic] from Experian while also continuing to inaccurately report the delinquencies in payment.

Complaint at ¶ 10. Because Plaintiff contacted the CRA, the CRA pursued the claim, and the CRA contacted Defendant regarding the dispute, these actions trigger the Defendant's duty to investigate the claim and report back to the CRA.[3] 15 U.S.C. § 1681s-2(b); *Peterson*, 2010 U.S. Dist. LEXIS 144391, at *26; *Wang v. Asset Acceptance LLC*, 2010 U.S. Dist. LEXIS 91946, at *15 (N.D. Cal.

---

[3] Section 1681s–2(b)(2) provides that Defendant, a furnisher, must complete its investigation or review and report back to the CRA its position about the disputed information within the 30–day deadline provided for the CRA's "reinvestigation" under § 1681i(a)(1). The furnisher could, for example, report back to the CRA that the information provided was accurate and need not be modified, deleted or blocked. *See, e.g, Gorman*, 584 F.3d at 1152 (furnisher reported back to CRA that the credit information was accurate). Or the furnisher could report back that the information provided must be modified in the consumer's credit report to show that a particular debt has been disputed by a consumer. *Id.* at 1164.

8

July 27, 2010) (Illston, J.) (rejecting argument that plaintiff must allege additional facts about notice, including when CRA notified furnisher of the dispute because defendant "[did] not explain how Wang or similarly situated consumers would have access to those 'facts' without formal discovery").

The Court further disagrees with Defendant's contention that Plaintiff fails to adequately allege that Defendant's conduct was willful. To prove a willful violation, a consumer must show that the defendant violated the FCRA either knowingly or recklessly. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57, 69 (2007) (regarding recklessness, "a company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless"). Here, Plaintiff's allegations, discussed above, provide sufficient facts to support Plaintiff's claim of willfulness. Experian notified Defendant of the dispute yet Defendant did not undertake the required investigation nor properly report the outcome of the investigation. *See* Complaint at ¶¶ 10, 24-25. Such allegations, when taken as true, support a claim that Defendant willfully violated its duties under § 1681s-2(b).

Additionally, Plaintiff has adequately claimed that Defendant's conduct, if not willful, was negligent and Plaintiff suffered actual harm as a result. Plaintiff's alleged damages are as follows: reviewing credit reports from all three consumer reporting agencies; traveling to and from Plaintiff's counsel's office; sending demand letters; continued impairment to her credit score; impeded in seeking necessary products and services from vendors and additional credit from other credit agencies; and pain and suffering. *Id.* at ¶¶ 27-28. At a minimum, Plaintiff's allegation of pain and suffering satisfies any requirement to plead actual damages. "The FCRA permits 'recovery for emotional distress and humiliation.'" *Drew v. Equifax Info. Servs., LLC*, --- F.3d ----, 2012 WL 3186110, at *6 (9th Cir. Aug. 7, 2012) (quoting *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995) (rejecting the argument that a denial of credit is a prerequisite to recovery under the FCRA and finding that emotional distress and humiliation constitute actual damages)). Furthermore, allegations similar to Plaintiff's regarding her access to credit have been found by this Court to satisfy the FCRA's pleading requirements. In *Alkan v. CitiMortgage*, the Court denied defendant's motion to dismiss on the grounds that plaintiff failed to adequately plead actual damages

9

where plaintiff alleged that defendant had "compromised [plaintiff's] access to credit by providing erroneous information to Experian." 336 F. Supp. 2d 1061, 1063 (N.D. Cal. 2004) (Whyte, J.) (internal quotation marks omitted). While a mere drop in Plaintiff's credit score without any damages actually incurred would likely not satisfy the actual damages requirement, *see, e.g., Young v. Harbor Mortor Works, Inc.*, 2009 WL 187793, at *5 (N.D. Ind. Jan. 27, 2009) (dismissing FCRA claim in which plaintiff alleged that he suffered a decrease in his credit score but no pecuniary or non-pecuniary damage arising from such a decrease), Plaintiff's claim that she is "impeded in seeking necessary products and services from vendors and additional credit from other credit agencies," when construed in the light most favorable to the nonmoving party, adequately alleges actual damage beyond simply a diminished credit score.[4]

Accordingly, the Court finds that Plaintiff states a claim under the FCRA.

**C.     Whether Plaintiff's CCRAA Claim is Adequately Alleged**

   **1.     Background Law**

"The CCRAA mirrors the provisions of the FCRA." *Guimond*, 45 F.3d at 1335. California Civil Code section 1785.25(a) provides:

> A person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate.

Section 1785.31 provides:

> (a) Any consumer who suffers damages as a result of a violation of this title by any person may bring an action in a court of appropriate jurisdiction against that person to recover the following:
>
>> (1) In the case of a negligent violation, actual damages, including court costs, loss of wages, attorney's fees and, when applicable, pain and suffering.
>
>> (2) In the case of a willful violation:

---

[4] The Court also rejects Defendant's contention that the entire Complaint should be dismissed because Plaintiff fails to clearly identify what Defendant reported was "inaccurate" and thus Defendant cannot respond to the allegations set forth in the Complaint. Upon a fair reading of the Complaint, Defendant's alleged reporting violations—failure to investigate, failure to report debt as disputed, and failure to remove delinquent notation on Plaintiff's credit report—are easily identified and the Court is confident that Defendant can properly respond to them.

>>(A) Actual damages as set forth in paragraph (1) above:
>
>>(B) Punitive damages of not less than one hundred dollars ($100) nor more than five thousand dollars ($5,000) for each violation as the court deems proper;
>
>>(C) Any other relief that the court deems proper.

Cal. Civ. Code § 1785.31.

### 2. Application of Law to Facts

Defendant's sole argument particular to the CCRAA claim—that Plaintiff fails to allege that she was actually injured—is coextensive with its argument that Plaintiff fails to plead any actual damages in connection with her FCRA claim. Even assuming that Plaintiff must plead actual damages to state a claim under Section 1785.25(a), as discussed above, Plaintiff adequately does so. The Court accordingly denies Defendant's motion to dismiss Plaintiff's CCRAA claim.

## D. Whether Plaintiff's UCL Claim is Adequately Alleged

### 1. Background Law

A claim for unfair competition under the UCL may be brought "by a person who has suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. Therefore, to establish standing under the UCL a plaintiff must "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., *economic injury*, and (2) show that that economic injury was the result of, i.e., *caused by*, the unfair business practice . . . that is the gravamen of the claim." *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322 (2011) (emphasis original).

The UCL prohibits "unfair competition," which is defined as any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. To establish a violation of the UCL, a plaintiff may establish a violation under any one of these prongs. To state a cause of action based on an unlawful business act or practice under the UCL, a plaintiff must allege facts sufficient to show a violation of some underlying law. *People v. McKale*, 25 Cal. 3d 626, 635 (1979). "The test of whether a business practice is unfair 'involves an examination of [that practice's] impact on its alleged victim, balanced against the reasons, justifications and motives of the alleged wrongdoer."

11

1  *Smith v. State Farm Mut. Auto. Ins. Co.*, 93 Cal. App. 4th 700, 718 (2001). "An 'unfair' business
2  practice occurs when that practice offends an established public policy or when the practice is
3  immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Id.* (citations
4  omitted).

### 2. Application of Law to Facts

Defendant contends that Plaintiff fails to adequately allege an economic injury sufficient to grant her standing under the UCL. Plaintiff, however, has alleged "continued impairment to her credit score," as well as being "impeded in seeking necessary products and services from vendors and additional credit from other credit agencies." Complaint ¶¶ 27-28. Allegations of a diminished credit score have been found to satisfy the UCL's standing requirement. *See White v. Trans Union LLC*, 462 F. Supp. 2d 1079, 1080, 1084 (C.D. Cal. 2006) (finding UCL standing where plaintiffs alleged on behalf of a class that TransUnion had "employ[ed] credit reporting practices that they allege falsely declare their discharged debts to be 'due and owing' and thereby inappropriately taint Plaintiffs' credit reports") (cited with approval in *Rubio v. Cap. One Bank*, 613 F.3d 1195, 1204 (9th Cir. 2010)); *Aho v. AmeriCredit Fin. Servs., Inc.*, 2011 WL 2292810, at *2 (S.D. Cal. June 8, 2011) (finding economic injury where plaintiff alleged that "his credit report has been negatively affected by Defendant's reporting of the deficiency to credit reporting agencies").[5] Additionally, Plaintiff's Complaint can be read as alleging that her diminished credit score actually prevented her from obtaining "products and services from vendors and additional credit from other credit agencies." Similar allegations have also been found to satisfy the UCL's standing requirement. *See Rubio*, 613 F.3d at 1204 (holding that a loss of credit that would be available to plaintiff absent defendant's conduct constituted an "actual economic injury").[6]

---

[5] Defendant argues that *White* is distinguishable because that case is limited to perpetrators of credit reports, like Experian, and does not extend to entities such as Defendant, which simply furnish the information contained in the credit report. The Court sees no legitimate reason why *White* would be so limited. The issue is economic injury; whether Defendant provided the credit report or furnished the information, if Defendant's actions caused Plaintiff's credit report to reflect a debt that had in fact been discharged, Plaintiff's injury is the same and a claim against Defendant may lie.

[6] The Court also rejects Defendant's argument that Plaintiff must show she is entitled to restitution in order to having standing under the UCL. *See* Motion at 10 (citing *Citizens of Humanity,*

1    Having found that Plaintiff adequately alleges standing, the Court also concludes that
2 Plaintiff's UCL claim may be maintained based on the unlawful and unfair prongs.[7] Because
3 Plaintiff has stated a claim under the CCRAA, she has stated a claim under the UCL.[8] Additionally,
4 Defendant's actions as alleged in the Complaint could constitute an unfair business practice.

### E.  Whether Plaintiff's Complaint is Precluded by the Bankruptcy Code

Defendant argues that Plaintiff's Complaint should be dismissed because all of Plaintiff's claims are barred by the Bankruptcy Code. Defendant contends that the claims are premised on its alleged violation of the bankruptcy discharge and therefore precluded under the Ninth Circuit's decision in *Walls v. Wells Fargo Bank*, 276 F.3d 502, 510 (9th Cir. 2002). The Court disagrees.

The Ninth Circuit in *Walls* held that a plaintiff's claim under § 1692(f) of the Fair Debt Collections Practices Act ("FDCPA") could not be sustained because it turned on whether the discharge injunction of 15 U.S.C. § 524 was violated.[9] *Walls*, 276 F.3d at 510; *see also Hanks v. Talbots Classics Nat'l Bank*, 2012 WL 3236323, at *4 (N.D. Cal. Aug. 6, 2012) (Illston, J.). Because plaintiff's FDCPA claim was effectively challenging a violation of § 524, the court concluded that plaintiff's remedy lied solely in contempt proceedings before the Bankruptcy Court for violation of the discharge injunction. *Walls*, 276 F.3d at 509. The Ninth Circuit concluded that "because Wall's remedy for violation of § 524 no matter how cast lies in the Bankruptcy Code, her simultaneous FDCPA claim is precluded." *Id.* at 511.

---

*LLC v. Costco Wholesale Corp.*, 171 Cal. App. 4th 1, 22 (2009)). The California Supreme Court has expressly held that such a showing is not required. *See Kwikset*, 51 Cal. 4th at 337 (overruling *Citizens of Humanity*).

[7] Plaintiff's Complaint does not allege a violation of the UCL pursuant to the fraudulent prong.

[8] Although Plaintiff does not base her UCL claim on Defendant's alleged violation of the FCRA, the Court notes that such a claim would be preempted. *See Subhani v. JPMorgan Chase Bank, Nat'l Ass'n*, 2012 WL 1980416, at *4-7 (N.D. Cal. June 1, 2012) (Alsup, J.) (dismissing UCL claim based on FCRA violation as preempted but declining to dismiss UCL claim based on Section 1785.25(a) of the CCRAA as preempted).

[9] Section 524 states that a discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not such debt is waived . . . ." § 524(a)(2).

13

Defendant asserts that although *Walls* dealt with an FDCPA claim, the same reasoning can be extended to Plaintiff's FCRA, CCRAA, and UCL claims.  This Court in *Hanks* recently rejected this argument:

> [Whether *Walls* applied to FCRA claims] was addressed in *Henry v. Saxon Mortg., Inc.*, 2011 WL 5331679, *3–4 (D. Ariz. Nov. 7, 2011).  There, the plaintiffs claimed that the defendant failed to conduct a reasonable investigation pursuant to the plaintiffs' disputes with the major credit reporting agencies. Applying *Walls*, the court dismissed plaintiffs' claims under the FDCPA as "bankruptcy-laden determinations" precluded by the Bankruptcy Code. The court then turned to the plaintiffs' claims under the FCRA:
>
>> Although the Ninth Circuit has not addressed whether *Walls* applies to FCRA claims, this issue has been addressed in the District of Oregon.  *See Wakefield v. Calvary Portfolio Servs.*, No. 06–CV–1066–BR, 2006 WL 3169517, at *2 (D.Or. Nov. 1, 2006).  In *Wakefield*, the court held that the Bankruptcy Code does not preclude an FCRA claim.  *Id.*  The court cited two bankruptcy court decisions in support of its conclusion.  *See In re Miller*, No. 01–02004, 2003 WL 25273851, at *2 (Bankr.D.Idaho Aug.15, 2003) (holding that "there appears to be no conflict in remedies between the FCRA and the [Bankruptcy] Code"); *In re Pots*, 336 B.R. 731, 733 (Bankr.E.D.Va.2005) (holding that the FCRA and the Bankruptcy Code "co-exist").  Therefore, although the Defendant correctly asserts that the above cases are not binding authority, they are persuasive nonetheless and present conclusions that logically follow the purpose of the FCRA.  For example, the court in *In re Pots* held that there are two reasons why the Bankruptcy Code and the FCRA can co-exist.
>>
>>> First, while the FCRA and the discharge stay are similar, they are not identical. They differ in their objectives.  The FCRA seeks to minimize credit reporting errors and to cure those that are made in a prompt and efficient manner.  Actions under it generally involve mistakes.  The discharge stay is directed to enforcing the bankruptcy discharge.  Actions under it generally involve intentional acts.  The elements that must be proved under each statute may overlap, but they are not identical.  The remedies available, while similar, may differ.  Second, there is no express provision in either the Fair Credit Reporting Act or the Bankruptcy Code that either supercedes the other.
>>
>> *Id.*  These reasons are sufficient to support a finding that the Bankruptcy Code does not preclude an FCRA claim.
>
> 2011 WL 5331679, at *3–4.
>
> The Court agrees with that reasoning and adopts it here.

2012 WL 3236323, at *4-5.

14

Defendant fails to address *Hanks* and the Court finds no reason to distinguish this action from that case. As discussed above, Plaintiff's FCRA claim rests on Defendant's alleged failure to reasonably investigate Plaintiff's dispute and its continued reporting of Plaintiff's debt to Experian without at least noting that the debt was disputed. "Complaints about inaccuracy in credit reporting fall within the aegis of the FCRA, and involve distinct inquiries from complaints about violations of the discharge injunction." *Id.* at *5 (citing *In re: Pots*, 336 B.R. 731, 733 (Bankr.E.D.Va. 2005)). Plaintiff's CCRAA and UCL claims are also limited to Defendant's alleged failure to correctly report Plaintiff's credit information.

Accordingly, the Court finds that Plaintiff's Complaint is not precluded by the Bankruptcy Code.

**IV. CONCLUSION**

For the reasons stated above, Defendant's Motion to Dismiss is DENIED.

IT IS SO ORDERED.

Dated: October 1, 2012

JOSEPH C. SPERO
United States Magistrate Judge